42 276
29a 165

## CONCEPTION FRANCO v. THE STATE.

1. BURGLARY. An entrance into a house of any part of the body however small, is an *entry* sufficient to warrant conviction for burglary, provided that the intention be to commit a felony, and the other statutory requisites of burglary be present.

2. BURGLARY—INTENT. Where the testimony showed that the accused, about four o'clock in the morning, had raised the window in the dwelling of an aged lady, and was holding it up with his hand in such a way that his fingers were within the house, his elbows resting on the sill of the window, his body outside of the house, when some of the inmates hearing the noise and approaching, he suddenly dropped the window and fled, there being valuable property in the house, and no excuse being given or other known object, such entry, and the circumstances, are sufficient from which the jury may find the felonious intent; and a verdict of guilty is supported.

APPEAL from Victoria. Tried below before Hon. T. C. Barden.

The testimony for the State is sufficiently shown in the opinion. An ineffectual effort was made by defendant to prove an *alibi*.

*Philips, Lackay & Stayton*, for appellant.

The testimony does not show, nor tend to show, anything more than a trespass. That includes but one of the elements necessary to constitute the offense of burglary.

The testimony may be considered sufficient to show the "breaking," but not to show an "entry" within the meaning of the statute. To place the most liberal construction in favor of the State on all that was done, that acts done by the party were preparatory only for the purpose of making an opening through which he might afterwards make an entry that would be burglarious.

Again, the entry, whether actual or constructive, must be with *intent* to commit a felony, and that, too, the one charged in the indictment. This is well illustrated by the instances

given in Art. 2362, P. D.   If the arm be introduced (if the
felony charged be theft), it must be so introduced for the pur-
pose of taking from the house. the property he intended to
steal, and not alone for the " breaking."   If the entry be made
by the introduction of any instrument into the house, such
introduction must be made with the intent and for the pur-
pose of committing the felony by that particular act.   To illus-
trate : Suppose a party ultimately to commit a burglary, after
he had effected a breaking, should, in the act of breaking a
door, insert in the walls of a house the end of a crow-bar, his
intent by that act, at that time, being only to " break," that he
might afterwards " *enter*," such introduction of the instru-
ment, in a legal sense, would not be an entry, as there was no
intent by that act to commit the felony.   In such case, the
*locus pœnitentiœ* would exist, and another step would have to
be taken in the commission of the offense before his act would
become a crime.   Take the case referred to in Art. 2363, P. D.
In this case, the hand was introduced for the purpose of draw-
ing out the property through an aperture made by the offender
for that purpose.   If the hand were introduced in the mere
act of breaking, with no intent, at the time of breaking, by *that*
*act* to commit the felony, the offense would not be complete,
for the entry was not made with *intent* and for the purpose
of committing the felony ; but for the sole purpose of " break-
" ing," which in itself is not a felony.   We submit, therefore,
that the proof in this case does not show that there was a bur-.
glarious entry as defined by our statute.   In the case of the
State *v.* Robinson, 32 Texas R., page 163, Justice Lindsay says :
In all cases, the entry must be with felonious intent, which
intent is manifested after the entry by the actual attempt, or
the commission of some specified felony, which ought to be
charged in the indictment according to the facts of each case.

In this case it is charged that the entry was made with the
intent to commit the offense of theft from a house.   It was
necessary to aver the particular felony intended, and the proof
should have sustained the averment : " and this intent must

be proved to have existed as a matter of *fact*, not merely as a matter of *law*. (2 Bishop on Criminal Law, Sec. 113; do., Sec. 147–149.)   " If no felony was committed, then the *intent* " to commit the felony must be distinctly proved." (3 Greenleaf, Sec. 82.)   In the case at bar, there was no proof tending to show that the defendant intended to commit *any* felony, much less that he intended to commit the particular felony charged. In the absence of any act done indicating what the intention of the party was, no legal conviction could be had.   A verdict . of " guilty " must be merely conjectural.   The rule is " that " every person is presumed to have intended to do that which " is the natural and probable consequence of his act;" but it can go no further.   When a particular intent is charged, there must be proof of acts done which manifest an intention conforming to such charge.   There can be no presumption without facts on which to base it.   A presumption is a conclusion from facts proved.   No act done in this case, if proved to have been done to the satisfaction of the jury, manifests an intention on the part of the defendant when he raised the window sash to *steal* from the house rather than to commit some offense on one or all of the inmates of the house.   The presumption of innocence can be overcome by proof of facts only. These facts must show his guilt; no such proof was made in this case; the verdict presumes an entry, not only with intent to commit a felony, but with the intent to commit the particular felony charged.   Such administration of law is at variance with the humane principles that characterize criminal jurisprudence in the present age.

*Geo. Clark*, for State.

I. The entry in this case was sufficient. (Wharton, Am. Cr. Law, § 1550; 2 Bishop, Am. Cr. Law, §§ 92, 95; 1 Russ. on Crimes, p. 794.)

II. The intent may be inferred from the facts. (Wharton, Am. Cr. Law, §§ 1600, 631–5, 639, 647–51, 725–31, 853.)

The act of opening the window being in itself unlawful, an evil intent will be presumed. (1 Bishop, Cr. Proc., § 521, note 3.)

GOULD, J.   This is an appeal from a conviction for burglary, the questions presented being, first, was the entry complete, and secondly, was there sufficient evidence of the intention of appellant to commit a theft   The evidence is to the effect that about four o'clock in the morning, appellant had raised the window in the dwelling of an aged lady, and was holding it up with his hand in such a way that his fingers were within the house, his elbow resting on the sill of the window, and his body outside of the house, when some of the inmates hearing the noise and approaching, he suddenly dropped the window and fled.   The house contained " property of " value," and it was testified that there was no enmity existing between appellant and any of the family.   On being arrested next morning, appellant denied that it was he, and on the trial an effort was made to establish an *alibi ;* but the evidence appears sufficient to justify the jury in finding that he was the man who was detected at the window.

The following are Articles of the Code (Paschal's Digest):

Article 2359. The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner, by entering a house during the day, and remaining concealed therein until night, with the intent in either case of committing a felony.

Article 2360. He is also guilty of burglary, who, with intent to commit a felony by breaking, enters a house in the day-time,

Article 2361. The entry into a house within the meaning of Article 2359, includes any kind of entry but one made by the free consent of the occupant, or of one authorized to give such consent; it is not necessary that that there should be any actual breaking to constitute the offense of burglary, except when the entry is made in the day-time.

Article 2362. The entry is not confined to the entrance of

the whole body; it may consist of the entry of any part for the purpose of committing a felony; or it may be constituted by the discharge of fire-arms, or other deadly missiles, into the house, with the intent to injure any person therein; or it may be constituted by the introduction of any instrument for the purpose of taking from the house any personal property, although no part of the body of the offender should be introduced.

Article 2363. By the term breaking, as used in Article 2360, "is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking; it may be by lifting the latch of the door that is shut, by raising a window, the entry at a chimney, or other unusual place, the introduction of the hand, or any instrument to draw out the property through an aperture made for that purpose."

In "common language," we do not say that one has entered a house, who has merely, in the act of raising a window from without a building and holding it up with his hand, placed his fingers in the inner side of the window, and therefore within the house. But the Code says: "The entry is not confined to the "entrance of the whole body." In the opinion of a majority of my brethren, this extends the meaning of the word as used in the definition of burglary, so as to embrace a case like the present, where only the fingers were actually within the house. According to the common law authorities such an act would be an entry sufficient to constitute burglary. (See Rex v. Davis, Russell & Ryan, 499; Rex v. Briley, Id., 341.)

It is contended for appellant, that the clause immediately following the one just quoted, reading thus: "It may consist "of the entry of any part for the purpose of committing a "felony," qualifies what precedes it, so that the entry of a small part of the body is not a complete entry, unless it be intended by *that act or agency* to commit the felony. The court holds this to be only an example, one case in which the entry of less than the whole body, viz., "any part," completes the

act, the general design being to commit a felony, and that the effect of the whole is to make the entrance of any part of the body, however small, an entry within its meaning—provided always that the intention be to commit a felony.

As to the second question, the fact that the house was broken and entered at the time and in the way it was, by one who fails to show any excuse, that there was valuable property there to be taken, and no other known desired object, are sufficient to support the finding of the jury that the intent was to steal. Roscoe says, the intent of the parties will be gathered from all the circumstances of the case. Three persons attacked a house. They broke a window in front of the clock. . They put a crowbar and a knife through a window, but the owner resisting them, they went away. Being indicted for burglary with intent to commit a larceny, it was contested that there was no evidence of that intent ; Mr. Parke, J., said that it was for the jury to say whether the prisoner went with intent alleged, or not; that persons do not in general go to houses to commit trespass in the middle of the night ; that it is matter of alleviation that they had the opportunity but did not commit the larceny, and he left it to the jury to say whether, from all the circumstances, they could infer that or any other intent. (Roscoe on Ev., p. 367, ref. to 1 Levin, C. C. 37.) The case referred to is not accessible, but Archbold, in a note, refers to it and cites it in the same words. That author says, even the very fact of breaking and entering in the night-time, raises a presumption that it is done with the intent of stealing. Numerous cases might be cited where convictions appear to have been had and sustained without further evidence. (See Rex v. Price, R. and R.; 450; Rex v. John Smith, Id., 416. See also Wharton, Am. Cr. Law, Section 1600.) Where under such evidence as there is in this case a jury have found that the intent of the party was to commit theft, the verdict will not be set aside as unsupported.

The judgment is affirmed.