### AMES IRON WORKS ET AL. v. H. W. CHINN.

Decided February 2, 1899.

**1. Judgment—Setting Aside—Negligence Prevents Relief.**

A judgment for defendant, although apparently unjust, will not be set aside because the cause was tried in the absence of plaintiff and counsel, where plaintiff's failure to properly represent his right to the court was the result of his own negligence.

**2. Jurisdiction of County Court—Title Not Asserted.**

A plea in reconvention in an action to recover the title and possession of an engine and boiler in which defendant set up title in himself to the property and sought to have it returned, and to recover $1000 damages occasioned by its sequestration, does not state a case beyond the jurisdiction of the county court, since the allegations referring to the title should be treated as defensive and seeking only the restoration of the property.

APPEAL from the County Court of Brazoria. Tried below before Hon. A. R. MASTERSON.

*Hudson & Woody,* for appellants.

*Branch T. Masterson,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellants brought this action on the 15th day of November, 1897, to set aside a judgment which appellee had recovered against them in another suit.

A general demurrer was sustained to the petition, and the cause dismissed upon appellants' declining to amend.

The petition showed that on August 2, 1894, appellants had brought the suit, in which was rendered the judgment the setting aside of which was sought, against appellee to recover the title and possession of an engine and boiler, in which appellants at the same time sued out and caused to be levied on the property a writ of sequestration (so far as the record shows the property remained in the hands of the sheriff) ; that on the 3d day of August, 1895, appellee filed therein his answer and plea in reconvention, in which he set up title in himself to the property, and sought to have it returned to him, and also to recover $1000 damages occasioned by the sequestration; that there was a trial November 20, 1895, and a judgment was rendered in favor of appellee for $490, the value of the machinery in controversy, and $135 damages caused by the levy of the sequestration; that an appeal was taken from this judgment, upon which it was reversed December 9, 1896, and all the material questions in controversy decided in appellants' favor by the Court of Civil Appeals, and the cause was remanded for a new trial. Ames v. Chinn, 15 Texas Civ. App., 88. The petition further shows that, without any demand by plaintiffs, the clerk of the appellate court issued an execution against Chinn for the costs of appeal, which were paid, and on the 17th of May, 1897, issued a mandate, which was filed in the County Court May 21, 1897, and that on the 1st day of June, 1897, the second day of the term, the cause was tried in the absence of plaintiffs and their counsel, and the judgment complained of was rendered, quieting appellee in his title to the property and awarding him $845 damages.

We may concede that the petition is sufficient to show that the judgment is erroneous, and it therefore becomes unnecessary to state its allegations on that point. The defect in it consists in what we deem the insufficiency of the excuses offered for the failure of plaintiffs to attend the trial and present their case. With every disposition to grant relief against the judgment, we fail to find any warrant for such action in the facts stated, unless we ignore the rule so long established, that in such a proceeding the plaintiff must not only show injustice in the judgment, but that failure to properly represent his right to the court was not the result of negligence on his part. Nevins v. McKee, 61 Texas, 413; Freeland v. Neeland, 23 Texas, 530; Horn v. Phelps, 65 Texas, 596.

That the present plaintiffs have failed to acquit themselves of negligence we think quite clear. The management of the case was intrusted to an agent resident in this State, who, before the first trial, employed attorneys resident in Brazoria County to prosecute the suit. After the reversal of the judgment these attorneys were discharged, and the petition alleges that it was the agent's purpose thereafter to employ attorneys at Dallas to take charge of the case, and that he understood that he had so employed attorneys to watch the progress of the case until the time should come for another trial, when he intended, if such attorneys could

not go to Brazoria County to try the case, to employ another, also a resident of Dallas County.

The transactions and conversations between the agent and the attorneys are set out in detail and from them nothing appears to justify the agent in the belief that he had employed them. They had always represented plaintiffs in this State, but were employed in each matter and had no general retainer. They were employed specially to file a brief on the appeal. Upon the reversal they were specially requested to write certain letters and get certain information, but nothing whatever appears to have been said to justify the belief that they were, or considered themselves, retained to give further attention to the case. The petition shows that as early as the middle of February the agent was notified that an execution for costs of appeal was out against Chinn. This put him on notice that as soon as the costs were collected the mandate would be issued, and thereby putting the cause in condition for another trial. It was entirely regular and proper for the clerk to issue execution for costs against Chinn, against whom they were adjudged, and to issue mandate upon their payment. The appellee was entitled to the issuance of such mandate and to demand a trial of the case. Of all this plaintiffs should have taken notice. But the petition shows that they did nothing except to make the inquiry above stated concerning the costs, and discharged their attorneys in Brazoria County without employing others, until after the judgment was rendered, and then they rested without further action until about four months after the trial, when in an inquiry about costs information of the rendition of judgment was received.

We can not hold that a sufficient showing of diligence is made to authorize the setting aside of a judgment, harsh though that judgment, by the allegations, appears to be.

A point was suggested at the oral argument which impressed us with some force, which was, that the plea in reconvention on which the judgment is based stated a case beyond the jurisdiction of the county court. But a careful examination of the plea convinces us that it only seeks the recovery of $1000 as damages. The title to the property was put in issue by plaintiffs' action and the parts of defendant's pleading referring to it should be treated as defensive, seeking only its restoration to him. The plea in reconvention for damages was in legal effect another action in favor of defendant against plaintiff within the jurisdiction of the court. Affirmed.

*Affirmed.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.