COMMONWEALTH BONDING & CASUALTY INS. CO. v. STEARNS. (No. 898.) *

(Court of Civil Appeals of Texas. Amarillo. Jan. 19, 1916. Rehearing Denied Feb. 23, 1916.)

JUDGMENT ⬤⤳143—DEFAULT JUDGMENT—VACATING DEFAULT—GROUNDS.

Denial of a motion to set aside a default judgment and for new trial for the absence of the attorney employed by the general counsel for defendant was within the court's discretion, where there was no excuse for the absence of the attorney or for the failure of the general counsel to call the matter to the attention of the attorney, and where no reason was given for the absence of the general counsel.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. ⬤⤳ 143.]

Appeal from District Court, Motley County; Jo A. P. Dickson, Judge.

Action by L. A. Stearns against the Commonwealth Bonding & Casualty Insurance Company. There was a default judgment for plaintiff, and, from an order denying a motion for new trial and to set aside the default judgment, defendant appeals. Affirmed.

Speer & Brown, of Ft. Worth, for appellant. T. T. Bouldin and G. E. Hamilton, both of Matador, for appellee.

HALL, J. This suit was filed April 9, 1914, by appellee, in the district court of Motley county, for the purpose of canceling certain notes given to appellant company, and to recover the sum of $312.50 cash, paid to the alleged agents of said company. For the purposes of this opinion, it is sufficient to say that the facts alleged, if true, constituted a good cause of action and entitled appellee to the relief prayed for. On April 9, 1915, defendant answered, first by plea of privilege, to be sued in Tarrant county, set up the statute of two years' limitation, and alleged other facts, which, if true, would be a defense to a part, if not all, of the cause of action. On May 15, 1915, judgment by default was rendered against appellant, canceling the notes described in plaintiff's petition. On May 28th thereafter, appellant filed its motion for new trial and to set aside the default judgment, which was overruled by the court on May 29th, and from such ruling this appeal is prosecuted.

The motion for new trial was filed on the last day but one of the May term of the court. Appellant set up, in substance, that it had a general attorney, who resided in the city of Ft. Worth, but that it was not the duty of said general attorney to represent it in trial courts outside of Tarrant county, except in cases of emergency; that after being cited its general counsel prepared an answer and filed the same on November 9, 1914, setting up its defenses; that the town of Matador, in which the suit was filed, had only two competent resident attorneys, who were both employed by the plaintiff, and appellant had to seek counsel elsewhere; that prior to appearance day it employed a certain attorney in Paducah, Cottle county, the nearest town by rail, where competent counsel could be procured, who appeared in the cause at the appearance term and procured a continuance of the cause to the May term, 1915; that thereafter its said attorney residing at Paducah died in January, 1915; that, learning of the death of its Paducah attorney, defendant, through its general counsel, employed an attorney residing at Quanah, Hardeman county, Tex., who was the nearest available competent attorney to said town of Matador, and instructed and requested him to appear for the defendants at the May term of the court and look after the setting of the cause and notify the defendant of the day of trial, so it could be present with its witnesses and to represent defendant in the trial and present its defenses; that said Quanah attorney accepted the employment and promised to be in Matador for the trial; that said attorney, without any fault of appellant, failed to appear, and, when the case was called for trial in the first week of the May term of the court, judgment was rendered against appellant, without its knowledge and without an opportunity to present its defenses; and that appellant had no notice of that fact until May 27, 1915. The motion alleges that appellant had a complete defense as set out in its answer, which is made a part of the motion.

In our opinion, the trial court did not abuse its discretion in overruling the motion. To have granted the motion would have resulted in a continuance of the case to the next term of the court. The motion nowhere attempts to excuse its Quanah attorney for

---

not being present when the case was called; nor does it offer any excuse for the failure of the general attorney at Ft. Worth to call the matter to the attention of the Quanah attorney. No reason is given for the absence of its counsel. Under such circumstances, the court should not have granted the motion for new trial. As was said by Judge Bell, in Freeman v. Neyland, 23 Tex. 530:

"The motion shows no reason for the absence of the attorney. It is not shown that the cause was called for trial out of its order, or that the plaintiff practiced any imposition upon the defendant or his attorney. The motion was properly overruled. So far as the record speaks, the appellant seems to have no cause to complain of any one but himself and his attorney. Courts cannot undertake to extend relief to the negligent, at the expense of those who have been diligent in pursuing the remedies of the law. All trials of causes in courts of justice are, to some degree, at the public expense, and courts cannot be called upon to set aside what has been solemnly and fairly done, merely to afford parties an opportunity to be heard, who had neglected to present their defenses or claims at the proper time. It is the duty of parties who have causes in court to attend to them, and, if they neglect to do so, they must bear the consequences." Nevins v. McKee, 61 Tex. 412; Ames Iron Works v. Chinn, 20 Tex. Civ. App. 382, 49 S. W. 665; Verschoyle v. Darragh, 67 S. W. 1099; Drummond v. Lewis, 157 S. W. 266; Niagara Fire Insurance Co. v. Lollar, 156 S. W. 1140.

The judgment is affirmed.