WILLIAM D. RUSSELL V. STATE.

No. 26,015. November 12, 1952.
Appellant's Motion for Rehearing Granted
January 14, 1953.
State's Motion for Rehearing Denied March 11, 1953.

*Reynold M. Gardner,* Amarillo, for appellant.

*H. C. Pipkin,* District Attorney, Amarillo, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is burglary; the punishment, two years in the penitentiary.

The indictment charged the breaking and entry by appellant and one Wallace Bivens of a building, owned and controlled by John Platt, for the purpose of theft.

Platt was the store manager for Furr Food Store who occupied as a store a brick building at the rear of which were frame structures referred to as trash houses or sheds, one of which was a separate room adjoining the brick building at the location of the rest room.

There was an opening in the brick wall between the rest room and this shed room in which was a window opening into the rest room, and on the shed room side of the window were iron bars placed some 4 or 5 inches apart.

The store proper was closed and locked by the manager shortly after 7 p.m., the store's closing hour. But the manager could not testify that the shed room door was closed or locked. He did testify that the keys to the shed rooms were kept inside the store proper and that it was the duties of certain employees and was their custom to close and lock these doors prior to closing time.

Two officers testified that they passed the premises in question at about 11:15 p.m. and returned some 15 minutes later. One of these police officers testified that his attention was attracted by some kind of a noise, and he then observed that the door to the shed room was open to some extent and that the hasp had been pulled out from the door jam leaving the padlock

locked but the door unlocked. Upon entering this shed room he discovered appellant and his companion in the room and discovered later, a bar, a maul, a rope and other tools, some gloves and 2 flashlights, none of which were in the building prior to that night.

The window above mentioned was pushed in and broken, and the iron bars were pulled apart. Nothing was missing from the shed room, and it seems that there was nothing in that building of any appreciable value. Nothing was taken from the store building, no entry having been effected unless entry of a part of the body or an instrument used in pushing and breaking the window after the bars had been pried apart be held to constitute entry into the store proper.

The statute to be considered in determining this question is Art. 1393 P.C. which provides in part:

"The entry is not confined to the entrance of the whole body; it may consist of the entry of any part for the purpose of committing a felony or theft ... or by the introduction of any instrument for the purpose of taking from the house any personal property, although no part of the body of the offender should be introduced."

The state contends that entry was complete under the above statute, it being necessarily shown that the hand or other part of the body or the instrument which pushed in and broke the window entered the building. Appellant insists, however, that such facts do not satisfy the statute because the instrument or part of the body which so entered the building proper entered not for the purpose of taking property from the house or committing a felony but only for the purpose of breaking the window in order to thereafter enter the store for the purpose of theft.

We find two decisions handed down at an early date which supports the state's position.

In Franco v. State, 42 Tex. 276, the supreme court of this state, then exercising jurisdiction of appeals in criminal matters, had under consideration a contention by the appellant that the acts shown were preparatory only, the purpose being to make an opening through which he might thereafter make an entry that would be burglarious. The statute as it then read (1875) required the entry to be with intent to commit a felony. The facts

showed that Franco had raised a window in the dwelling of an aged lady and was holding it up with his hand in such a way that his fingers were within the house. Upon the approach of an inmate of the house, he dropped the window and fled. This occurred at night. In holding the evidence sufficient to show entry as defined in the above mentioned statute, the court said:

"It is contended for appellant, that the clause immediately following the one just quoted, reading thus: 'It may consist of the entry of any part for the purpose of committing a 'felony,' qualifies what precedes it, so that the entry of a small part of the body is not a complete entry, unless it be intended by that act or agency to commit the felony. The court holds this to be only an example, one case in which the entry of less than the whole body, viz., "any part," completes the act, the general design being to commit a felony, and that the effect of the whole is to make the entrance of any part of the body, however small, an entry within its meaning—provided always that the intention be to commit a felony."

In Nash v. State, 20 Tex. C.A. 384, our predecessor court had before it a case involving burglary by entering a mill. The testimony showed that there was a trap door in the floor of the building which opened upward on hinges. One of a party of would-be burglars raised this trap door about 12 inches, thereby causing "a spring gun," set by the mill owner to prevent depredations, to go off. In holding the entry to be sufficient to satisfy the statute, the Court of Appeals said:

"When the door was raised, say twelve inches, the hand that raised the door was in the house, and by virtue of the above excerpt from the statute, we think the entry was complete. This view is most evidently sustained by the opinion in Franco v. The State, 42 Texas, 276. In that case the hand was introduced for the purpose of introducing the whole body, for the purpose of raising the window—a breaking at law, through which the party might in fact enter. The primary intent being a breaking by raising the window, the ultimate intent being a felony, the court held such entry complete and burglarious."

In the light of the foregoing opinions which do not appear to have been overruled, we overrule appellant's contention that the state's circumstantial evidence showed only an attempt to commit burglary and not burglary.

Since we hold that the evidence is sufficient to show an entry

into the closed store building proper, it becomes unnecessary to pass upon the sufficiency of the evidence to show that the shed room was entered by breaking and for the purpose of theft.

The judgment is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

MORRISON, Judge.

At a previous day of this term, we affirmed the judgment herein and held that an entry had been proven and that a burglary had thereby been established. We cited in support of such holding Franco v. State, 42 Tex. 276, and Nash v. State, 20 Tex. C. A. 384.

We have now re-examined the record and have concluded we were in error in such holding.

We re-affirm the holdings in the Franco and Nash cases, but note that in both cases an entry of a part of the body of the burglar was shown to have been made. Such is not the case before us here. It is obvious from the facts here that some of the tools found in the shed, were used to break the glass and pry apart the bars, and that the burglars were arrested before any other entry had been effected.

Since the legislature has created the two separate offenses of burglary and attempt to commit burglary, a clear line of distinction must be drawn between the two.

The question here is what the legislature meant by the clause, "or by the introduction of any instrument for the purpose of taking from the house any personal property, although no part of the body of the offender should be introduced," when they brought forward the common law into Article 1393, P. C.

In Mason v. State, 100 S. W. 383, we held that where one threw a brick through a show window, and was immediately thereafter arrested before any other entry had been effected, he was guilty of an attempt to commit burglary, and not the crime of burglary itself. We think the facts there are controlling in the case at bar.

The instrument in this case at bar was used to break out a window. Such instrument was not introduced for the purpose of taking from the house any personal property.

In order to support the holding in the Mason case, we look to the cases from other jurisdictions and to the common law for further authority. The rule seems to be uniform and, though seemingly technical, is well defined. Section 93, Bishop on Criminal Law, 9th Edition, reads as follows:

"IT IS NOT AN ENTRY—and there is no burglary, if only the tools used for breaking goes in, and no part of the person nor the instrument by which the ulterior felony is to be perpetrated does. Thus, to raise a window by placing the hands outside of it, and then thrust in a bar for forcing open the inside shutter; or to make a hole through a door with a centre-bit, whereby some of the chips fall in, or to loosen the window strip, —is insufficient; because neither the bar nor the centre-bit was to be employed about the ulterior felony."

The Supreme Court of Alabama, in the early case of Walker v. State, 63 Ala. 49, decided in 1879, had before it a case in which the accused had bored a hole through the floor of a building in which was stored a quantity of shelled corn, causing some of the corn to run into a sack he was holding thereunder. The court held that both a breaking and an entry had been shown. Though we did not cite the Walker case, we reached the same result in Bass v. State, 126 Tex. Cr. R. 170, 70 S. W. 2d 730. But such are not the facts before us here. In discussing the law, the court in the Walker case cited Rex v. Hughes, 1 Leach 406. In the Hughes case, decided in 1785, the accused had bored a hole through the panel of a door; the point of the centre-bit and some of the chips had entered the house, but nothing more. The court there said that when one instrument is employed to break and is without capacity to aid otherwise than by opening a way of entry, and another instrument must be used, or the instrument used in the breaking must be used in some other way or manner to consummate the criminal intent, the intrusion of the instrument is not, of itself, an entry.

We can find no authority which has altered the rule announced in Rex v. Hughes, supra, and can perceive no valid reason for departing therefrom. We therefore hold that facts in the case at bar show an attempt to commit the crime of burglary and not burglary itself.

Upon another trial, the state will, no doubt, be able to show that the door to the shed room was closed prior to the entry, and thereby make out a case of burglary of that building.

For the reasons stated, the motion for rehearing is granted; the judgment of affirmance is set aside; and the judgment is now reversed and the cause remanded.

### ON MOTION FOR REHEARING.

BELCHER, Judge.

We have carefully examined the state's able brief in support of its motion for rehearing, but we are unable to reach a conclusion other than that expressed in our opinion wherein this cause was reversed and remanded.

The state's motion for rehearing is overruled.

Opinion approved by the Court.