SWANN, Judge.
Foster and Kirkland appeal from their conviction and sentence for breaking and entering a building with the intent to commit a felony, to-wit, grand larceny.
The appellants argue several different points for reversal. We have considered the various points which they raised and have found them to be without merit, except for the point alleging the insufficiency of competent, substantial evidence to prove the element of entering.
Fla.Stat. § 810.02, F.S.A. provides in pertinent part:
Jfi l}c * * * *
“Whoever breaks and enters any other building or any ship or vessel with intent to commit a felony, or after having entered with such intent breaks such other building, ship or vessel, shall be punished by imprisonment in the state prison not exceeding fifteen years.”

In order to prove the charge of breaking and entering under the statute, the state must prove beyond a reasonable doubt that an entry did, in fact, take place. Miller v. State, Fla.App.1966, 187 So.2d 51. In the instant case, there was sufficient, competent evidence to prove a breaking with the intent to commit grand larceny. There was not sufficient, competent evidence to prove that either of these defendants had made an entry.
In Miller on Criminal Law (1934), a discussion of the necessary elements in order to prove entry is set forth at § 108(c) p. 33. It states: “The entry may be made by an instrument instead of the body, but in such case, to be an entry, the instrument must be inserted not merely for the purpose of breaking but for the purpose of committing the contemplated felony.” See also 13 Am.Jur.2d Burglary § 10.
Here, there was no evidence whatsoever that there had been any entry into these premises except a breaking by means of a crowbar. It was not an instrument which would have consummated the contemplated felony. Compare Russell v. State, 1952, 158 Tex.Cr.R. 350, 255 S.W.2d 881 with Walker v. State, 1879, 63 Ala. 49. The state, therefore, has failed to prove beyond and to the exclusion of every reasonable doubt that these defendants entered the property involved herein.
There was sufficient, competent evidence, however, that these defendants had committed the crime of attempting to break and enter these premises with the intent to commit grand larceny. See Fla. Stat. §§ 924.34, 776.04, F.S.A.; 13 Am.Jur. 2d Burglary § 29; State v. Pigques, Mo. 1958, 310 S.W.2d 942; Russell v. State, supra, Bronson v. State, 152 Fla. 28, 10 So.2d 718 (1942).
*408 The order herein appealed is, therefore, reversed and the cause remanded to the trial court with instructions to vacate the adjudication and sentence heretofore entered and to adjudicate and sentence these defendants for the crime of attempted breaking and entering with intent to commit a felony; to-wit, grand larceny.
Reversed and remanded.