STATE of Missouri, Respondent,

v.

Robert L. JOHNSON, Appellant.

No. 40582.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 11, 1979.

Robert C. Babione, Public Defender, James Porter, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury of burglary in the second degree. He was sentenced by the court under the Second Offender Act to serve a term of five years in the Department of Corrections.

The victim resides in the third floor south apartment at 5703 Cabanne in the City of St. Louis, Missouri. On the morning of January 3, 1978, he was at home alone. At approximately 11:30 a. m. he heard a "rattling and clicking" noise at his front door. The noise sounded like a key: "steel hitting against steel". He went to the front door and looked out the window, but saw no one. He then heard a "rattling and shaking" noise at the back door. He went to the back door of his apartment and saw there a screwdriver coming in and out of the door. The victim described the screwdriver as a single blade, non-Phillips, type. The screwdriver, when coming in the door, was inserted approximately one and one-half inches. It was being "pushed in . . . pulled out, twisted . . .". He raised the venetian blind at the window in the door and saw two people outside. The victim was almost face to face with one of the men, the one using the screwdriver, as he looked through the window. The second person, the defendant, was sitting about two feet away on the railing of the building's outside staircase. Defendant's profile was visible to the victim as he sat looking down the stairs. The victim hit the window of the door with a mop handle and the two men ran from the porch into the north apartment.

The police arrived at the apartment building within 17 minutes of the victim's call. Two officers went with the victim to the adjoining third floor apartment where the two men were found and identified. The man identified as the one who had been using the screwdriver was wearing a white terry cloth glove. Another glove was found lying on the couch where defendant was seated. A non-Phillips screwdriver was found lying in the next room, four or five feet from the two men. An inspection revealed pry marks which had caused wood and paint chipping on the door jambs and front and back doors of victim's apartment. One of the officers testified that, by his observation, the marks on the doors matched the blade of the screwdriver found near the defendants. Vincent Harvey, the man identified as having used the screwdriver, testified for the defendant. He admitted that he had committed the burglary and that he had pleaded guilty and been sentenced. He testified that defendant was present but that Johnson had not participated in the activity.

Defendant alleges that the court erred in several respects. One of his contentions: that the state failed to sustain its burden of proof as to entry, an essential element of burglary, we find to have merit. We find against defendant on the other points. Regarding these points, suffice it to say that there was sufficient evidence here for the jury to find defendant an active participant in the crime. See *State v. Snyder*, 502 S.W.2d 339[1] (Mo.1973). Also, defendant's contention that he was not identified by the victim is refuted by the record. Similarly, there was ample evidence to support the court's application of the Second Offender Act. The evidence, however, does fall short on the proof of entry. Although defendant raised this point in his motion for new trial and as one of his stated points on appeal, no authority is cited, nor is any argument advanced, in support of the contention that sufficient proof of entry was not adduced. Neither does the state respond in its brief to this contention of error. Nevertheless, a contention that the evidence is not sufficient to sustain a conviction will be reviewed under the plain error doctrine. *State v. White*, 439 S.W.2d 752[2] (Mo.1969); *State v. Maddox*, 549 S.W.2d 931[3] (Mo.App.1977).

Entry is an essential element of burglary. *State v. Pigques*, 310 S.W.2d 942[2] (Mo.1958). The only evidence here of entry was the victim's testimony that the screwdriver entered the premises about one and one half inches. It is the law of Missouri that any entry—however slight—by any part of a person's body is sufficient to

**638**

establish entry. *State v. Pigques,* supra. Furthermore, entry by instrument under certain circumstances is sufficient in Missouri.[1] In *State v. Pigques,* supra, our Supreme Court quoted from *State v. McCall,* 4 Ala. 643, 39 Am.Dec. 314, as follows:

> "To constitute burglary, an entry must be made into the house with the hand, foot, or an *instrument* with which it is *intended* to commit a felony. . . ." (Emphasis added).

The Missouri Court of Appeals, Western District held in *State v. Hodges,* 575 S.W.2d 769, 772 (Mo.App.1978):

> A burglarious entry can be made by an instrument, but only "where a hook or other instrument is put in with intent to take out goods, or a pistol or a gun with intent to kill; but it is necessary that the instrument shall be put within the house, and that it shall be inserted for the immediate purpose of committing the felony or aiding in its commission, and not merely for the purpose of making an opening to admit the hand or body, or in other words for the sole purpose of breaking." 12 C.J.S. Burglary § 10 b., p. 674. See *State v. Pigques,* 310 S.W.2d 942, l. c. 947 (Mo. 1958).

We have examined treatises on the criminal law[2] and numerous cases[3] from other jurisdictions. We find no authority to support a theory that the use of a screwdriver under the circumstances here would be sufficient to establish entry.

In the case before us, the purpose for entry of the screwdriver was *breaking*; that is, to open the door. The purpose of introduction of the screwdriver was *not* to remove the property. Therefore, evidence of entry of the instrument as here is not sufficient to constitute "entry," an essential element of burglary. Since entry is a nec-essary element of burglary, and because we have found the evidence insufficient as to this element, we must reverse. Failure to make a submissible case requires the discharge of the defendant under the rule established in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *State v. Basham,* 568 S.W.2d 518 (Mo. banc 1978).

Judgment reversed and defendant discharged on the charge of burglary second degree.

GUNN and CRIST, JJ., concur.

1. The Missouri Approved Instructions—Criminal for Burglary (7.20, 7.22 and 7.32) give as one of the options for a finding of entry: "(insertion of any part of a tool or other device)".

2. See Wharton's Criminal Law (12th ed.), Vol. 2, §§ 992–994; Bishop Criminal Law (9th ed.); 13 Am.Jur.2d Burglary § 10; Miller, Criminal Law (1934), § 108(c).

3. *State v. Pigques,* supra, contains citation to numerous authorities. See too: *Foster v. State,* 220 So.2d 406 (Fla.Dist.Ct.App.1969); *Russell v. State,* 158 Tex.Cr.R. 350, 255 S.W.2d 881 (Tex.Cr.App.1952); *People v. Davis,* 3 Ill. App.3d 738, 279 N.E.2d 179, 181 (1972).