STATE of Missouri, Respondent,

v.

Leon FINCH, Appellant.

No. 42360.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 27, 1981.

Steven J. Schroeder, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Mark W. Comley, Asst. Attys. Gen., Jefferson City, William J. Hannah, Kent Fanning, St. Charles, for respondent.

REINHARD, Judge.

Defendant appeals his conviction of robbery first degree. Section 569.020, RSMo 1978. He was sentenced to serve a term of fifteen years in the Department of Corrections. We affirm.

Defendant first contends that the evidence was not sufficient to sustain a conviction of robbery first degree. The record is barren as to the filing of a motion for judgment of acquittal or any reference to this issue in defendant's motion for new trial. He asks us to review as plain error, Rule 27.20(c). We have done so, *State v. Johnson*, 587 S.W.2d 636, 637 (Mo.App. 1979), and find that the state made a strong case against defendant.

At 2:00 a. m. on March 20, 1979, two men entered a Clark Service Station in St. Charles. One was wearing a tan jacket and had braided hair and the other was wearing a gray sweatshirt with the sleeves cut off and a brown stocking cap. One asked for a pack of cigarettes. The attendant, Audrey Esselman, turned around to get the pack and when she turned back a gun was lying across the counter. The man with the braided hair had the gun, a sawed-off shotgun. He said: "I want all your money or I'll shoot you and I mean it." She turned the money over to him and with the money was a money changer. The man in the sweatshirt grabbed the changer and the money while the other man picked up the gun off the counter. The two men ran out of the station. In court, the attendant identified the defendant as the one wearing the sweatshirt. When the two men came in, another man was just leaving. As soon as the two men left, this man returned as the attendant was calling the police. He gave her a license number. She saw the car pass in front of the station with three people in it. It was a dark green Cadillac. The attendant gave the license number and the description of the Cadillac to the police dispatcher. The vehicle was headed toward I–70. Approximately 17 minutes later, a vehicle matching the description was stopped by police officers. It had the same license number as that given to the police dispatcher by the attendant.

The officers identified the defendant as the driver of the car. Among other items obtained from the vehicle was the coin changer. The officers also found a shotgun in the Cadillac. The attendant identified the shotgun as the one used in the robbery. Defendant made a statement to Officer

Eppes after receiving the *Miranda* warning: defendant stated that he and a man by the name of Jones had met at approximately 7:30 p. m. on the evening before the robbery and driven over to East St. Louis to see Finch's brother. The brother was not at home. Thereafter, they picked up a third man by the name of Jackson and drove to St. Charles and decided to rob the Clark Service Station at First Capitol. He and Jackson entered the station, Jackson had the shotgun. Defendant asked for a pack of cigarettes and the lady turned around. Jackson produced the shotgun and asked for money and told her he was taking the money.

To support his claim of insufficient evidence, defendant points to some inconsistencies in the testimony of the attendant and Officer Eppes as to his identification. He claims: "Both witnesses' credibility and ability to remember what happened the night of the alleged robbery is very suspect." At best, this matter goes to the weight of the testimony. Defendant's claim that the state failed to make a submissible case is unfounded.

▮ In defendant's final point, he contends that instructions Nos. 5, 6, 7 and 8 are conflicting because Instruction 8 defines "stealing" improperly. This point is without merit. The definition is the one appearing in MAI-CR2d 33.01. Here, the court used the pattern instruction contained in MAI-CR2d. The defendant suggests another definition. The court was required to follow MAI-CR2d. We are "powerless to declare erroneous a pattern criminal instruction contained in MAI-CR." *State v. Washington*, 570 S.W.2d 838, 843 (Mo.App. 1978). We further note that the defendant has shown no prejudice from the giving of the instruction No. 8.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.