STATE of Missouri, Respondent,

v.

Arnold WESTON, Jr., Appellant.

No. WD 40765.

Missouri Court of Appeals,
Western District.

March 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

---

Sean D. O'Brien, Public Defender, Jerry Wheeler, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

BERREY, Judge.

Appellant was convicted of robbery in the first degree and armed criminal action. He was sentenced to ten years imprisonment on each count, with said sentences to run consecutively. He now appeals, claiming that the trial court erred in admitting his confession into evidence.

The judgment is affirmed.

On October 10, 1987, two men robbed the International House of Pancakes at 3620 Broadway in Kansas City, Missouri. A cook at the restaurant told police that he knew one of the two robbers, and identified him as appellant. Appellant was also identified by a waitress, who picked him from a photo array and from a lineup.

Appellant was arrested around noon on October 15, 1987, and after spending eight and a half hours in jail, was interrogated by detectives. Following one and a half hours of questioning, appellant confessed to the robbery. His confession was then transcribed into a formal written statement, which was signed by appellant.

Prior to trial, appellant filed a motion to suppress his confession, claiming that it was involuntary. Appellant contended that the statement was the result of duress and coercion insofar as his mental health was "seriously deteriorated" after spending over eight hours in jail with little or no opportunity to sleep. Appellant also alleged that, because of his limited ability to read, he was unaware of the nature and meaning of the statement he had signed.

An evidentiary hearing was then held before Judge Donald L. Mason. The interrogating officers testified at the hearing, and stated that no threats, violence, or promises were used to induce appellant to confess to the robbery. They also testified that appellant's Miranda rights were read to him aloud, and appellant stated that he understood them. The officers further testified that the entire written statement was read to him aloud, and he was given the opportunity to make any changes he thought necessary. The officer who conducted the actual questioning testified that

appellant was alert, and that he did not appear to be suffering from lack of sleep or any kind of drug or alcohol withdrawal. According to the officer, appellant did not have any trouble understanding what was being said to him.

Appellant, on the other hand, testified that he was coerced into writing the statement, and that he was slapped and threatened by one of the interrogating officers. Appellant, who had difficulty reading, stated that the statement was read to him aloud only after he had already signed it. He stated that he did not know that he was signing a confession.

At the close of the hearing, Judge Mason stated that the "[m]otion will be overruled." At the ensuing trial, which was held before Judge William F. Mauer, appellant objected to the admission of the confession. Judge Mauer allowed the confession to be admitted, stating, "For the record, I am going to overrule it but I have to tell you that I did not hear that motion. It was heard by Judge Mason. I am simply affirming his ruling in your motion." At the conclusion of the trial, appellant was found guilty of both first degree robbery and armed criminal action.

As his sole point on appeal, appellant claims that the trial court erred in admitting his confession into evidence without a sufficient finding by either the hearing court or the trial court that the confession was voluntary. In his brief, appellant does not claim that his confession was, in fact, involuntary; instead, he simply challenges the sufficiency of the hearing and trial courts' record on the finding of voluntariness.

■ When an accused challenges the admission of a confession on the grounds of involuntariness at the trial level, as appellant did in this case by filing a motion to suppress his statement to police, the trial court must make a clear-cut determination of voluntariness before the statement can be considered by the finder of fact. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Missouri practice contemplates a full hearing on the voluntariness question held outside the presence of the jury, at which the burden of proof is on the state to show by a preponderance of the evidence that the confession was voluntary. *State v. Lytle*, 715 S.W.2d 910, 915 (Mo. banc 1986); *State v. Washington*, 399 S.W.2d 109, 114 (Mo.1966); *State v. Wise*, 745 S.W.2d 776, 780 (Mo.App.1988).

■ Once the trial court has held the required evidentiary hearing, the record must show, with sufficient clarity, the trial court's conclusion that the defendant's confession was voluntary. The record must "show the judge's conclusion in this regard (voluntariness) and his findings upon the underlying facts may be express or ascertainable from the record." *Jackson v. Denno, supra*, 378 U.S. at 378, n. 8, 84 S.Ct. at 1781, n. 8. In *Sims v. Georgia*, 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967), the court further described the trial court's duty to make a clear-cut determination of voluntariness, stating, "Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity."

In the case at bar, the required evidentiary hearing was held. At the conclusion of the hearing, the court overruled appellant's motion to suppress his statement, stating merely that the "[m]otion will be overruled." Appellant contends that such a statement is not a clear enough determination of voluntariness to satisfy the criteria of *Jackson v. Denno, supra*, and *Sims v. Georgia, supra*.

Appellant's claim is supported by the earlier Missouri Supreme Court cases which have dealt with this subject. In these cases, when an evidentiary hearing on the voluntariness of a confession was followed by the trial judge's bare statement that the defendant's motion to suppress was denied or overruled, the Supreme Court remanded the cases to the trial court for an express finding on the issue of voluntariness. *State v. Edwards*, 435 S.W.2d 1, 5 (Mo. 1968); *State v. Auger*, 434 S.W.2d 1, 6–7 (Mo.1968); *State v. Devoe*, 430 S.W.2d 164, 166 (Mo.1968); *State v. Glenn*, 429 S.W.2d 225, 237–239 (Mo. banc 1968). Other Mis-

souri decisions have ordered remands in similar cases because of the lack of an explicit finding of voluntariness. *State v. Bridges*, 491 S.W.2d 543, 545 (Mo.1973); *State v. Taggert*, 443 S.W.2d 168, 171 (Mo. 1969).

However, later Missouri decisions questioned whether a remand is always necessary in cases where the trial judge failed to make express findings on the issue of voluntariness. For example, in *State v. Hull*, 595 S.W.2d 49, 53 (Mo.App.1980), the Missouri Court of Appeals examined the requirement that the trial judge's "conclusion that the confession is voluntary must appear from the record with unmistakable clarity." *Sims v. Georgia, supra*, 385 U.S. at 544, 87 S.Ct. at 643. The court interprets this language to mean that "an express ruling on voluntariness is not always required. On the contrary, a ruling on voluntariness can be inferred from the record as a whole." *State v. Hull, supra*, 595 S.W.2d at 53 (quoting *United States v. Medina*, 552 F.2d 181, 186 (7th Cir.1977).

More recent Missouri Supreme Court decisions follow this line of reasoning. In *State v. Royal*, 610 S.W.2d 946 (Mo. banc 1981), the defendant filed a motion to suppress statements which he alleged were made after he had requested legal counsel which was not provided. At the conclusion of the suppression hearing, the trial court entered an order which did not specifically articulate its reasons for overruling appellant's motion to suppress statements made while incarcerated. In affirming the judgment of the trial court, the Supreme Court stated:

> Implicit in the trial court's silence and admission of the statements at trial is the conclusion that appellant's testimony regarding the alleged requests for an attorney lacked credibility and that the statements were voluntarily given. While disposing of such a motion in this manner is not as clear as making definitive findings based on the evidence adduced at the suppression hearing, there is nothing inherently improper in so doing.

*Id.* at 948. Similarly, in *State v. Bolder*, 635 S.W.2d 673 (Mo. banc 1982), the defendant filed a motion to suppress which was overruled after an evidentiary hearing. On appeal, the defendant claimed that the trial court failed to find that his statement was voluntary. In affirming the judgment of the trial court, the Supreme Court stated that "[t]he trial court in overruling the motion to suppress implicitly found that the statement was voluntary, *see State v. Royal*, 610 S.W.2d at 949, and the record supports that finding." *State v. Bolder, supra*, 635 S.W.2d at 689.

In both of these cases, the Supreme Court's conclusion that a sufficient finding of voluntariness could be inferred from a simple order overruling a motion to suppress was based on the trial record as a whole. In each case, the Supreme Court looked at the testimony presented at the suppression hearing, and concluded that the evidence contained therein was sufficient to support a finding that the defendant's statement was voluntary. The court then inferred such a finding from the trial court's order overruling the motion to suppress.

 Applying this reasoning to the case at bar, we find that the suppression hearing provided sufficient evidence from which the hearing court could conclude that appellant's confession was voluntary. The interrogating officers testified that no threats, violence, or promises were used to induce appellant to confess to the robbery, and that appellant understood the statement that he was signing. Appellant testified to the contrary, and his testimony was obviously not deemed credible by the hearing court. When there is conflicting evidence on the voluntariness of a statement, as there is here, the admissibility of a confession by a trial court is a matter of discretion which is not lightly disturbed. *State v. Royal, supra*, 610 S.W.2d at 949.

Examination of the record on the whole does indeed shed light upon the issue of voluntariness. Argument on this issue certainly leaves no doubt that the matter of voluntariness was present:

MS. PARKER: ....

We would just ask the Court to find that the confession was obtained voluntarily. This defendant was advised of his rights. The Court has had an opportunity to see him on examination here. He doesn't seem to have any trouble understanding questions that are put to him or responding appropriately and I don't believe that his lack of ability to read, in and of itself, is sufficient. I think that the evidence is that he was fully advised and knowingly waived his rights and was again fully advised of the contents of the statement and voluntarily signed it.

That's all that the State has. I'll hand these cites to the Court.

MS. SCHENKENBERG: Just one short remark.

Lack of education, it's true, in and of itself is not sufficient to render a statement involuntary but when the lack of education makes, makes the defendant not know what he is signing, then the statement can't be regarded as knowingly and voluntary.

THE COURT: Motion will be overruled.

While the hearing judge and the trial judge could have been more explicit, this failure is not reversible error. Consequently, we find that the hearing court's conclusion of voluntariness appears with unmistakable clarity from the record as a whole, and pursuant to *State v. Royal, supra,* and *State v. Bolder, supra,* we hold that the hearing court's ruling does not warrant a reversal or remand for an explicit finding of voluntariness.

◼ Nevertheless, appellant claims that the trial court erred in admitting his confession into evidence because it merely affirmed the hearing court's determination of voluntariness without conducting its own independent inquiry into the matter. A similar argument was raised in *State v. Brueckner,* 617 S.W.2d 405 (Mo.App.1981). There the trial judge, after noting that a pre-trial hearing on voluntariness had been conducted before a different judge, concluded that a second hearing was not necessary. The Court of Appeals affirmed,

stating that there is no requirement for a second hearing concerning the admissibility of a defendant's statements, at least when there has been no showing of new evidence to be presented by either party. *Id.* at 408. No such showing was made in the case at bar.

Accordingly, the judgment of the trial court is affirmed.

All concur.