## DUD HARRIS v. THE STATE.

### No. 3625. Decided November 14, 1906.

**1.—Local Option—Other Sales—Not Res Gestæ.**

Where upon trial for a violation of the local option law, the State introduced a witness and proved by him that during the previous year he had ordered quite a lot of whisky for defendant and others, there was reversible error in the admission of this testimony.

**2.—Same—Evidence—Harmless Error.**

On a trial for a violation of the local option law, there was no error in introducing in evidence the bottles which had contained the beer purchased from defendant; and even if error it was harmless.

**3.—Same—Former Conviction—Different Transactions.**

Upon trial for a violation of the local option law, where the plea of former conviction showed that the sales occurred within a few moments of each other but on different facts, as distinct sales, there was no error in rejecting the plea.

Appeal from the County Court of Titus. Tried below before the Hon. Sed F. Caldwell.

Appeal from a conviction of violating the local option law; penalty, $75 and twenty days confinement in the county jail.

The opinion states the case.

*Rolston & Ward,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a local option case—the punishment being fixed at twenty days in jail and a fine of $75. There were two theories presented: one, that appellant sold the whisky to the alleged purchaser, J. S. Wofford; and the other, raised by defendant's testimony, to the effect that he had ordered the whisky from the Paris Liquor Company at Paris for Wofford. If appellant was correct he was not guilty; while under the State's theory, if correct, he was. In other words, there was a direct issue of a sale to J. S. Wofford by appellant, as against his theory that he ordered the whisky in such manner as to make the sale from the Paris Liquor Co. at Paris to Wofford.

There was quite a mass of testimony introduced in regard to the fact that appellant had provided himself with order blanks in Paris, was the agent of the Paris Liquor Company, and the conversations that should have occurred between himself and the other witnesses, that we believe were practically immaterial in this case and unnecessarily encumber the record with a great deal of irrelevant and immaterial testimony. If the State's case was correct, there was a straight sale without any extraneous matters entering into it. There was no system in regard to the matter. It was simply a plain, straight sale.

The other matters were wholly immaterial. If appellant's theory was right and was the correct one, then he ordered the whisky by means of the signature to the order for the purchaser, Wofford. While we think much of this testimony was immaterial it was not hurtful. But upon another trial we suggest that the case be tried upon the pertinent issues.

There is one bill of exceptions reserved which we think is fatal to the conviction. The State introduced the witness, Garrett, and proved by him, that during the year 1905, he had ordered quite a lot of whisky for defendant and others, amounting to fifty or one hundred bottles. This whisky was ordered through the witness Garrett, as the agent of Swope & Mangold, at Dallas, and the year previous to the sale alleged in this case. This testimony under Parish v. State, 14 Texas Ct. Rep., 10, was clearly inadmissible. It had the tendency to show that appellant was in the wholesale shipping business not for others but to himself in the local option territory, and the whole transaction occurring the previous year to the one set out in this case. Appellant's punishment was in excess of the minimum by $50.

The two Woffords were brought from Wood County into Titus, for the purpose of working up local option cases. They both testified against appellant, each to a sale to himself by appellant. It occurred at the same time; that is, J. S. Wofford bought a bottle, and then his brother called for a bottle and in a few moments, appellant handed him a bottle, each costing 50 cents. These bottles were taken to the hotel by the Woffords, and opened and a drink taken from them. They marked them so as to identify them, and they found their way into the hands of the county attorney, and were by him offered in evidence during the trial. Objection was urged to this. We are cited to the case of Walker v. State, 6 Texas Ct. Rep., 938, as authority for the supposed error in this ruling of the court. We do not believe the Walker case is in point. If error it is not hurtful.

There was a plea of former conviction interposed, but not submitted to the jury. The former conviction was based upon the charge for selling by appellant to A. R. Wofford. The first sale was to J. S. Wofford. It may be conceded, for it is a fact, that the sales occurred within a few moments of each other. But these are different cases, arising on different facts, and there was no error in rejecting this plea. If it had been the same bottle sold to both of them, we would have a different proposition; but there were two distinct sales, one to J. S. Wofford, and the other to A. R. Wofford.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*