Sim McLemore v. The State.

No. 3702.   Decided May 20, 1908.

**Local Option—Evidence—Other Transactions.**

Where upon trial of a violation of the local option law the defendant was compelled on cross-examination to testify that he had worked in clubrooms where intoxicating liquors were dealt in during the past three years and until some months before the alleged offense, the same was inadmissible testimony and reversible error.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and thirty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.—On question of admitting evidence that defendant served in clubrooms: Goode v. State, 32 Texas Crim. Rep., 505; 24 S. W. Rep., 102; Stewart v. State, 37 Texas Crim. Rep., 135; 38 S. W. Rep., 1144; Bain v. State, 38 Texas Crim. Rep., 635; 44 S. W. Rep., 518.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $75 and thirty days imprisonment in the county jail.

Bill of exceptions No. 3 shows that while appellant was on the stand in his own behalf, the county attorney required him to make the following statement: That he had worked in clubrooms where intoxicating liquors were dealt in in Brownwood practically all the time during the past three years, during which time the local option law was in force in Brown County, Texas; that he had worked at two or three different clubs and that he had so worked up until the 4th of July before the transaction in this case took place. The indictment alleges the sale took place the first of September, 1907. Appellant insists that said evidence was inadmissible, since it tended to prejudice appellant and his defense before the jury; that same was irrelevant and immaterial to any issue in the case as he (appellant) was not connected with and had had nothing to do with the club business for over two months before the time the transaction took place that he is

here prosecuted for; that it was no part of the res gestæ; that it did
not show or tend to show any criminal intent on the part of appellant;
that there was no evidence of system in the case; all of which objections
were overruled by the court. We hold that the above cited evidence
was inadmissible. In the case of Harris v. State, 50 Texas Crim.
Rep., 411; 98 S. W. Rep., 842, we held that on a prosecution for a
violation of the local option law where defendant did not put his char-
acter in issue, it was error to permit a witness to testify that he had
known defendant for a long time, and never knew him to sell medicine
or anything else and that he heard he was selling whisky in the
vicinity all the time, was inadmissible. If the appellant had been run-
ning the clubroom this fact could have been proven, but the evidence
showed that he had not been connected with the clubroom for two
months. This being true it was error to admit the testimony. Under
several recent decisions of this court we have held that where a party
is charged with selling whisky, the possession on the part of defend-
ant of large quantities of whisky, or the fact that he is run-
ning an establishment where whisky is sold is admissible, but where
the evidence excludes the idea that appellant had anything to do with
the sale of whisky, it was error for the court to have admitted same.

For the reason pointed out the judgment is reversed and the cause
remanded.

*Reversed and remanded.*