## MIRA HILSON v. THE STATE.

No. 8079.    Decided February 20, 1924.

1.—Misdemeanor Theft—Evidence—Suspicion of Witness.

Where, upon trial of misdemeanor theft, the State's witness was permitted to testify that when defendant came to pawn the watch the witness surmised something; that they had to very careful about advancing money on jewelry, especially among negroes, because most of them were thieves—the defendant being a negro—the same is reversible error.

**2.—Same—Argument of Counsel.**

Where there was nothing which would justify the language used by the prosecuting attorney denouncing the appellant and witness as liars, etc., the same is reversible error.

Appeal from the Corporation Court of Texarkana. Tried below before the Honorable E. Newt Spivey, Recorder.

Appeal from a conviction of misdemeanor theft; penalty, one year confinement in the county jail.

The opinion states the case.

*W. W. Arnold,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—This appeal is from a conviction for misdemeanor theft carrying a punishment of confinement in the county jail for one year.

We do not think it necessary to set out the facts because the State has properly confessed error relative to the matters complained of in bills of exception three and four. The record discloses that appellant is a negro. He had pawned the property which he was charged with having stolen to one Harley.

While Harley was testifying he was permitted over objection to state that when appellant came in to pawn the watch witness surmised something; that they had to be very careful about advancing money on jewelry, especially among negroes because most of them were thieves. It is not necessary to argue how such a statement could have been harmful to appellant. The mere statement of what occurred discloses the injury.

While the attorney representing the prosecution was making his argument he denounced appellant and his witnesses as liars, said he knew they were liars and had concocted all their testimony, and stated further with reference to Betty Washington, a negro woman who had given favorable testimony for appellant, that she was "nothing but just a common negro, black whore." We have been able to discover in the evidence nothing which would justify the language used. If convictions can not be secured without resorting to such methods it is a fair conclusion that the State is not entitled to them.

For the errors pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*