## J. W. BOYD V. THE STATE.

No. 11145.   Delivered November 16, 1927.

**1.—Possessing Equipment, Etc.—Argument of Counsel—Reversible Error.**

Where the District Attorney, in his argument to the jury referring to a deputy sheriff who had testified to very cogent facts in behalf of appellant, said, "I could tell you that I saw him tried in the last thirty days for drunkenness, and he was convicted, and yet they ask you to believe him in preference to the sheriff and deputy." The withdrawal of the remarks in the court's charge did not eliminate their effect on the jury, and necessitates the reversal of the case.

**2.—Same—Continued.**

In this statement the District Attorney not only entered the realms in which a witness only is entitled to move, but stated facts, although unsworn as a witness, which could not properly have been admitted in evidence.   See Stanchel v. State, 231 S. W. 120, and other cases cited.

Appeal from the District Court of Panola County.   Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for possessing equipment, etc. for the purpose of manufacturing intoxicating liquor, penalty one and one-half years in the penitentiary.

The opinion states the case.

*Woolworth & Baker* of Carthage, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of equipment for manufacturing liquors capable of producing intoxication; the punishment confinement in the penitentiary for one and one-half years.

The state relied upon the testimony of officers who arrested appellant near a still, which was in operation.   Briefly, the testimony of the officers shows that appellant and two other parties were arrested by the officers near a still; that appellant and his companions, at the time of their arrest, were carrying and emptying mash into barrels and carrying the barrels off and hiding them in different places; that the still was in operation, and that whiskey was being manufactured by the parties at the time of the arrest.

The issue of guilt was sharply contested.   Testifying in his own behalf, appellant contended that while hunting he came to the still; that he had no previous knowledge of the location

of the still and had no connection with it whatever, but that at the time of his arrest he was merely an innocent bystander. J. R. Kirby, a witness for appellant, who was deputy sheriff at the time of appellant's arrest, testified that he was with the officers at the time the still was discovered and that Shirley Cockrell, one of the parties who was arrested by the officers, stated at the time of the seizure that the still and equipment belonged to him (Cockrell), and that appellant had nothing to do with said still and equipment and that he guessed that the reason appellant was there was that he was merely hunting. The witness further testified that just prior to the arrest he saw appellant coming from a branch just above the still with a shotgun on his shoulder, and that he, the witness, did not see appellant do anything on the occasion of the arrest with reference to making whiskey.

In the course of his argument, in referring to the testimony of appellant's witness, J. R. Kirby, the District Attorney used the following language:

"I could tell you that I saw him tried in the last thirty days for drunkenness, and was convicted, and yet they ask you to believe him in preference to the sheriff and deputy."

Appellant took timely exception to this argument and requested the court to submit his written requested instruction to the jury, withdrawing said remarks from their consideration. The court attempted to withdraw said remarks, but they were of such prejudicial character that their withdrawal could not cure the error. There was no testimony adduced during the trial that would have justified or authorized the District Attorney to make the statements complained of. The remarks were obviously of a nature to impair the rights of appellant and to improperly prejudice his case before the jury. The guilt of appellant was sharply contested. Appellant and the witness Kirby alone testified to facts supporting the theory of appellant that he was a mere bystander and had no connection with the equipment seized by the officers. Had the state tendered a witness to testify that the witness Kirby had been convicted of drunkenness, such testimony would have been inadmissible to impeach him or affect his credibility. The District Attorney not only entered the realm in which a witness only is entitled to move, but stated facts, although unsworn as a witness, which could not properly have been admitted in evidence. The statement was obviously damaging to appellant and in our opinion was of the nature to constitute reversible error. See Stanchel

v. State, 231 S. W. 120; Walker v. State, 206 S. W. 97; Hilson v. State, 258 S. W. 226.

We will not undertake a discussion of the remainder of appellant's bills of exception, as the matters complained of therein are not likely to occur on another trial of the case.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.