HENRY HATCHER v. THE STATE.

No. 13946.   Delivered February 18, 1931.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

An officer followed an automobile occupied by appellant and two other men.   Appellant was driving the car.   When the car stopped a search was made, with the result that two half-gallon jars of whisky were found near the feet of appellant and one of his companions.   The jars were in a paper sack.   A witness for the State testified that he saw appellant in conversation with a man who later came to the car and placed a paper sack in the car; and that after this occurrence appellant and his companions drove away.   The testimony of the State was to the effect that the search was made after the paper sack had been placed in the car and transported by appellant and his companions upon a public highway.   Appellant testified, in substance, that the automobile belonged to one of his companions; that he entered the car for the purpose of rid-

ing around; that the parties stopped at a filling station to buy some gasoline and he (appellant) got out of the car and went inside; that when he returned there were two paper sacks in the car; that he did not know what the sacks contained, and had no knowledge that there was whisky in the automobile.

In his closing argument, the county attorney used language as follows: "Gentlemen of the jury: After this jury had been selected a lawyer in this town told me that I would not get a conviction in this case because I had a man on this jury who would not convict in a liquor case."

It is stated as a fact in the bill of exception that the argument was made for the purpose of prejudicing the jury; that there was nothing in the record to support it; that the remarks were not invited by appellant's counsel; that said argument was of such prejudicial character that its effect could not be withdrawn from the jury. The argument was obviously hurtful and prejudicial. It was calculated to improperly influence the jury to accept the State's version of the transaction upon which the prosecution was predicated, and to deprive appellant of the right to have the credibility of the witnesses freely discussed by the jury. The issue of guilt was closely contested. It is the general rule that "if the improper argument by state's counsel is of such grave character as to render it obviously injurious and prejudicial, and the matter is presented by a proper bill of exception, the fact that no special charge was asked instructing the jury to disregard the argument would not of itself deprive the defendant in a proper case of a reversal." Branch's Annotated Penal Code, Section 362; Murmutt v. State (Texas Crim. App), 67 S. W., 508, 510; Robbins v. State, 47 Texas Crim. Rep., 312, 83 S. W., 690; Jenkins v. State, 49 Texas Crim. Rep., 457, 93 S. W., 726; Boyd v. State, 108 Texas Crim. Rep., 221, 299 S. W., 645.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.