W. D. MILLER v. THE STATE.

No. 13886. Delivered February 18, 1931.

248

The opinion states the case.

*Jno. B. Littler* and *Rogers & Smith,* all of Big Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxcaiting liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

State's witness Merrick, who was a deputy sheriff, testified, in substance, as follows: The witness was driving on the Bankhead Highway when he noticed appellant's car parked in the road. Appellant's wife was sitting in the car. Appellant was in a pasture about fifty yards from the pasture fence. He had a half gallon fruit jar in his hand and was walking toward the car. The witness stopped and started toward appellant, who ran to a tree and broke the jar. Going into the pasture, the officer found that the jar had contained whisky. Appellant was arrested and carried to town. Shortly after appellant had been taken to town the officer made a search of the pasture in the vicinity of the place where the whisky had been broken and found a half gallon jar of whisky in some brush.

Appellant testified that he had gone into the pasture to answer a call of nature and was climbing through the fence to return to his car when the officer approached. He denied that he had at any time had any whisky in his possession, and declared that he did not break a jar on a tree, as testified to by the officer. He denied that he had possessed liquor on the occasion in question, and declared that the whisky the officer testified he found in the pasture under some brush did not belong to him. Appellant's wife testified that she and her husband stopped the car on the highway in order that her husband might go to the pasture to answer a call of nature.

It appears from bill of exception No. 2 that the state had made an effort to prove that appellant and the woman who was with him on the

occasion he was arrested were not married, and that the court had refused to permit any evidence to be introduced touching the relationship of the parties. In his closing argument, as shown in the bill of exception, the district attorney used language as follows:

"At least he was not married to her about a year and a half ago when he was living with her."

It is certified in the bill of exception that the remarks above quoted were made by the district attorney in an effort to convince the jury that the woman who had testified in the case that she was appellant's wife did not in fact sustain such relationship to appellant. Appellant objected to the argument on the ground that it was prejudicial and was made by the district attorney for the purpose of prejudicing appellant; that it led the jury to believe appellant was living in adultery with the woman who had testified that she was his wife; that said argument had no bearing on the case except to inflame the minds of the jury against appellant, in causing them to believe he was an immoral person and a criminal generally. The following is stated in the bill as a fact:

"The court sustained said objection and instructed the jury not to consider said statement so made by the district attorney to the jury. Nevertheless, said statement was made to the jury as aforesaid and in their presence and hearing, and the same was prejudicial to the defendant and could not be withdrawn from their consideration, and was appropriated by the jury upon the trial of this case as an argument in the case."

In Dock McKee v. the State, 116 Texas Crim. Rep., 232, 34 S. W. (2d) 592, 593, on Motion for Rehearing, delivered January 28, 1931, a similar statement of fact was held by this court to constitute a certificate on the part of the trial judge that the argument in question was prejudicial. We quote the language of Judge Hawkins in that case, as follows:

"We are quite sure that the learned trial judge did not intend to certify that the argument was prejudicial and uncalled for, and that if he had thought so he would have granted a new trial. He doubtless understood the bill to be as contended for by the state, but the bill is before us and must be appraised on its face. The portion of the bill referred to does not appear as grounds of objection to the argument, nor as reasons for excepting to the ruling of the court, but appears as the statement of a fact. The bill is almost exactly like the one dealt with in Roberts v. State, 115 Texas Crim. Rep., 431, 27 S. W. (2d) 159."

There was nothing in the evidence to support the statement that appellant was living with his wife before he married her. The statement of the district attorney was susceptible of the construction that the relationship between the parties had been adulterous. It was calculated to lead the jury to believe that appellant was immoral and a criminal gen-

erally, and that the woman who gave testimony tending to exculpate appellant was unworthy of belief, by virtue of the fact that she was of low moral character. Although unsworn as a witness, the dictrict attorney gave testimony in argument obviously prejudicial to appellant. We are unable to reach the conclusion that the withdrawal from the consideration of the jury of the improper remarks saved appellant from harm. It is the rule that if the argument is of such nature as to be obviously hurtful and prejudicial it will call for a reversal notwithstanding the fact that the court instructed the jury to disregard such argument. Branch's Annotated Penal Code, Sec. 362; Smith v. State, 44 Texas Crim. Rep., 137, 68 S. W., 995; McKinley v. State, 52 Texas Crim. Rep., 182, 106 S. W., 342; Boyd v. State, 108 Texas Crim. Rep., 221, 299 S. W., 645. See, also, Stanchel v. State, 89 Texas Crim. Rep., 358, 231 S. W., 120; Walker v. State, 84 Texas Crim. Rep., 136, 206 S. W., 97; Hilson v. State, 96 Texas Crim. Rep., 550, 258 S. W., 826.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.