### JOHN DOUGLAS V. THE STATE.

No. 18870.  Delivered March 24, 1937.
Rehearing Denied (Without Written Opinion) May 12, 1937.

The opinion states the case.

*W. J. Baldwin* and *O. M. Lord,* both of Beaumont, for appellant.

*Chas. A. Howell,* Assistant County Attorney, of Beaumont, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of $100 and confinement in jail for 18 months.

Prosecutrix, Vaudie Morgan, testified, in substance, as follows: She was 12 years of age. On the 16th of May, 1936, she and Eugenia Kellar went to the home of appellant. While there, appellant put his hands under prosecutrix's dress and "tried to fool" with her privates. She would not let him do it.

Appellant did not testify, and introduced no witnesses.

It is shown in one of the bills of exception that a physician examined prosecutrix approximately 15 days after the alleged commission of the offense. He testified, over appellant's objection, to the effect that there had been "some kind of manipulation of the female organ" of prosecutrix. He testified, further, that such condition could have been caused by a man of appellant's size. The court certifies in the bill of exception that such testimony was inadmissible for any purpose and that its reception in evidence was prejudicial and inflamed the minds of the jury against appellant. Further, it is certified that prosecutrix testified as follows: "All he did was put his hands under my dress. He asked me to do something and I wouldn't do it. He asked me to go into the back room. He told me if I would let him he would give me some money. He didn't do nothing then. I let Eugenia in and we went off. We just walked out of the house and went home. Nobody hollered or screamed. Nobody said anything. There wasn't anything to say about; not a thing." Again, it is certified that appellant did not cause the irritation testified to by the physician.

In view of the certificate of the trial judge that the testimony was inadmissible and prejudicial to the rights of the appellant, we are constrained to hold that the bill of exception reflects reversible error. The bill is similar to the bills dealt with in Miller v. State, 36 S. W. (2d) 158, Roberts v. State, 27 S. W. (2d) 159, and McKee v. State, 34 S. W. (2d) 592. We quote from McKee's Case, as follows:

"We are quite sure the learned trial judge did not intend to certify that the argument was prejudicial and uncalled for, and that if he had thought so he would have granted a new trial. He doubtless understood the bill to be as contended for by the state, but the bill is before us and must be appraised

on its face. The portion of the bill referred to does not appear as ground of objection to the argument, nor as reasons for excepting to the ruling of the court, but appears as the statement of a fact. The bill is almost exactly like the one dealt with in Roberts v. State (Texas Crim. App.), 27 S. W. (2d) 159."

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.