Dan Walton, Dist. Atty., Thomas C. Dunn, Samuel H. Robertson, Jr., Asst. Dist. Attys., Houston, Leon Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is felony theft; the punishment, two years

Mrs. Maude Johnson, the mother of two small children and the wife of a Houston letter carrier, testified that she was approached by appellant on the street of that city on the day charged in the indictment, that appellant pointed out a man on the sidewalk whom she said had found a bill-fold containing money, and the two women approached him. She stated that the man offered to share the contents of the bill-fold with appellant and her, but required that they put up earnest money which he might show his boss. She testified that appellant accompanied her to a parking lot where she got $48 from her automobile, to which she added $40 from her purse, and delivered the total to appellant, and that the parties separated. She stated that she waited some time for their promised return but that they did not come back, and that several weeks later she saw appellant in an automobile with a Florida license plate and reported the same to the police and later identified appellant in a lineup at the police station.

Appellant, testifying in her own behalf, stated that she resided in St. Louis, Missouri, had come to Houston with her "boy friend," met Mrs. Johnson, and that it was Mrs. Johnson who had tried to pull the pigeon drop on her. She testified further that she had met Taft Spigner, her co-indictee, only a few minutes before she was arrested.

The jury chose to accept Mrs. Johnson's version of the transaction, and we find the evidence sufficient to support their verdict.

No brief has been filed, and the informal bills of exception fail to reflect error.

The judgment is affirmed.

Steven **MARTINEZ**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 31577.

Court of Criminal Appeals of Texas.

March 9, 1960.

W. F. Leigh, Pecos, for appellant.

Leon Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is passing as true a forged instrument; the punishment, two years.

In view of our disposition of this case, a recitation of the facts will not be deemed necessary other than to observe that appellant did not testify in his own behalf or place his reputation in issue.

In his closing argument, the prosecutor referred to appellant as a thug, a thief and a vagrant. There was nothing in the record to support such argument, and the bill so certifies. In fact, the record shows that appellant was employed chopping cotton at the time charged in the indictment. We have concluded that the argument was so obviously harmful, prejudicial and outside the record as to call for a reversal of this conviction. Hilson v. State, 96 Tex.Cr.R. 550, 258 S.W. 826; McGrew v. State, 140 Tex.Cr.R. 77, 143 S.W.2d 946, and Clark v. State, 156 Tex.Cr.R. 526, 244 S.W.2d 218.

It is so ordered.