**Marvin Earlon SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41104.**

Court of Criminal Appeals of Texas.

March 13, 1968.

Rehearing Denied April 24, 1968.

Kenneth W. Gentry, Amarillo, for appellant.

Gene Compton, Dist. Atty., Toby A. Priolo, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for attempted burglary; the punishment, three years.

The testimony of M. T. Roberson, owner and operator of a gun and key shop, was that while he and his wife were in the store about 9:30 p. m., they heard someone walking on the roof of the building, and the person went to the air conditioner on the roof and there was a sound like he turned it over. The air conditioner was about four feet square and located directly over a duct or vent in the roof which extended about two feet from the surface of the roof through the ceiling to about four feet below the ceiling. The air moved about four feet through the duct to enter the store

below. The duct or vent was large enough to permit the entrance of a person the size of the appellant. The surface of the roof had a tar base with small gravel on it. The surface around the air conditioner appeared to have been disturbed, and the duct was damaged; that by the removal of the air conditioner a "completed entry was made into the building"; that Roberson was standing "right" below the air conditioner; that he never saw the appellant and he never made a physical entry into the building where he was. There was personal property and merchandise in the store, and Roberson did not give anyone his consent to forcibly enter the store building through the roof or to take anything from it. Roberson notified the officers by telephone and they arrived in a brief time.

Officer Dunham testified that he was four blocks from Roberson's store when he received a dispatch to go to the store; that on arriving at the rear of the store building he saw a man running about twenty feet from the building; that after the man stopped he noticed a pair of gloves protruding from his pocket; that the man had "white, chalky looking substance" on his jacket, trousers and shoes; that his shoes were scuffed up, that he had "black tar-looking stuff" on the soles, and he had a fresh scrape mark on his left knee; that the air conditioner on the roof had been moved and was damaged. While testifying, Officer Dunham identified the appellant as the person he saw running at the rear of the store and arrested after he stopped about fifty feet away.

As grounds for reversal, the appellant insists that the evidence is insufficient to sustain the conviction; that there is a variance between the allegations of the indictment charging an attempted burglary and the proof showing a completed entry was made into the building; and that the evidence showing that an air conditioner covering a vent hole in the roof was moved is at a variance with the allegations that appellant did "move a roof air conditioner off the air conditioner duct."

■ There is no proof that any part of appellant's body entered the store building or that the introduction by the appellant of anything was used or employed to consummate the criminal intent. In light of the evidence, it is concluded that there was only an attempt to commit burglary and not burglary; therefore, there is no variance between the allegations in the indictment and the proof. 10 Tex.Jur.2d 231, Sec. 74; 4 Branch 2d 883, Sec. 2551. For a discussion of the distinction between burglary and attempted burglary see Russell v. State, 158 Tex.Cr.R. 350, 255 S.W.2d 881.

■ Another variance is relied on as a ground for reversal in that the evidence shows that the air conditioner covering the vent hole in the roof was moved whereas it was alleged that the appellant moved a roof air conditioner off of the air conditioner duct.

Although, there is evidence referring to the fixture in the opening in the roof as a vent there is also evidence referring to it as a duct. It appears that the words "vent" and "duct" were used synonymously. The variance urged presents no error.

The evidence is sufficient to support the conviction.

The judgment is affirmed.