**Billy Lloyd TANNER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44287.**

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Dunnam, Dunnam & Dunnam by W. V. Dunnam, Jr., Waco (Court appointed on appeal only), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of burglary with the punishment assessed by the jury at twelve years.

Appellant's grounds of error numbers one and two complain of the sufficiency of the evidence to support the conviction.

Three police officers testified that in response to a radio dispatch, they went to the building in question and saw four men, one of whom was identified as the appellant herein, run from between it and another nearby building.

They found a shotgun, a bag containing a sledge hammer, a small axe, wedge, crowbar, screwdriver, tin snips, and some pliers between the two buildings. Another officer testified that later during the day he investigated the incident at the building and took various pictures of the building which were introduced into evidence. One picture showed a hole that had been cut

in the side of the building and further showed that the building was built of a galvanized iron or tin and that the hole that had been cut in the building was large enough for a person to enter the building. The manager of the warehouse building testified that he was called by the police and went to the building and saw the hole in the wall which had not been there the prior afternoon. He further testified without objection that the police dispatcher told him the burglar alarm had gone off, and that in order to set off the burglar alarm which was a beam of light about three feet from the wall, that something must break the beam of light; that there were shelves with boxes stacked against the wall in question and that some of the boxes were scattered around when he got to the building on the night in question and they had not been scattered around the evening before. He further testified that the boxes are what fell over and broke the beam of light.

█ The appellant herein offered no evidence and rested with the State. There was a motion by appellant for an instructed verdict of not guilty in that the evidence was insufficient to show an entry into the building, which motion was refused by the court. There must be proof in a burglary case of entry into the building by a part of the body of a person or of an instrument which is to be used in effecting the taking of property from the building. Entry of an instrument used to effect the break-in is insufficient. Russell v. State, 158 Tex.Cr.R. 350, 255 S.W.2d 881 (Tex.Cr.App.1952); Smith v. State, 426 S.W.2d 246 (Tex.Cr.App.1968).

█ In this case, entry can only be inferred by the fact that the burglar alarm was set off. The testimony by the manager of the building was that the boxes falling set off the alarm.

The evidence herein, all being circumstantial, the law applicable hereto, has been stated by this Court in Culmore v. State, 447 S.W.2d 915 (Tex.Cr.App.1969), as follows:

"A conviction on circumstantial evidence cannot be sustained if the circumstances proven do not exclude every other reasonable hypothesis except that of the guilt of the accused; and proof amounting only to a strong suspicion or mere probability is insufficient. . . .

"In ascertaining whether the guilt of the accused has been established to a moral certainty, the appellate court will review the evidence in light of the presumption that the accused is innocent. The court will not presume any acts against the accused that are not shown to have been committed by him. Furthermore, a conviction will not be sustained on appeal if the evidence does not sufficiently establish all material elements of the offense charged."

█ The only evidence adduced by the State at the punishment hearing was the testimony of several peace officers that the appellant's reputation was bad. This does not support the following argument by the prosecutor:

"You can figure these things out for yourself and realize that Mr. Billy Lloyd Tanner, appellant, is perhaps one of the better known criminals in the city of Waco."

This Court has consistently condemned an attack upon the character of the accused which is not based on matters within the record.[1]

For the errors cited herein, the judgment is reversed and the cause is remanded.

---

1. Martinez v. State, 169 Tex.Cr.R. 151, 332 S.W.2d 718, and cases there cited.