Jerry Lee HAYES, Appellant,

v.

STATE of Texas, Appellee.

No. 11–83–141–CR.

Court of Appeals of Texas,
Eastland.

July 7, 1983.

---

* A hospital in some situations may well be a merchant. See *Providence Hospital v. Truly*, 611 S.W.2d 127 (Tex.Civ.App.—Waco 1980, writ dism'd).

Russ Henrichs, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Dallas, for appellee.

McCLOUD, Chief Justice.

This is an appeal from a conviction for burglary of a building with punishment assessed by the trial court at confinement in the Texas Department of Corrections for a term of three years.

In a single ground of error, appellant argues the evidence is insufficient to support the conviction. We disagree.

At about 1:00 in the morning a silent burglar alarm alerted the police that a possible burglary was in progress at Big Daddy's Supermarket. Officers Davison and Morrill were dispatched to investigate. Upon arrival at the store, the officers heard noises coming from the roof. Officer Mor-

rill testified that he saw appellant jumping from the roof of the store. The officer and the appellant struggled as the appellant attempted to get away. After appellant was placed in a police patrol car, the two officers went upon the roof of the store. They discovered a hole, about a foot in diameter, had been dug through the roof of tar paper, shingles, wood and plasterboard. The officers could see through the hole down inside the building. A tire lug wrench was discovered near the hole. It had tar on the lug section. Appellant took the stand and denied that he was on the roof.

*Robinson v. State,* 570 S.W.2d 906 (Tex. Cr.App.1978) and *Schershel v. State,* 575 S.W.2d 548 (Tex.Cr.App.1979), cited by appellant, are not controlling. Those cases discuss the rule that mere presence in the vicinity of a crime is not sufficient to sustain a conviction. Here, there is more than mere presence. Appellant was seen jumping from the roof of a building that was obviously being burglarized.

Appellant further argues that there is no evidence that he "entered" the store. Tex. Penal Code Ann. sec. 30.02(b) (Vernon 1974) provides:

(b) For purposes of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

The Practice Commentary following Sec. 30.02 states:

The definition of entry, Section 30.02(b), restates prior art. 1393 with two changes. First, it is expanded to cover clearly the introduction of instruments to clear the way for further entry, thus disapproving the holding in *Russell v. State,* 158 Tex. Cr.R. 350, 255 S.W.2d 881 (1952).

The jury could have properly concluded from the evidence that the lug wrench, a "physical object," was used by and "connected with the body" of appellant, in making the hole in the roof of the store.

In view of the present language contained in Sec. 30.02(b), supra, cases such as *Russell v. State,* 158 Tex.Cr.R. 350, 255 S.W.2d 881 (1952) and *Tanner v. State,* 473 S.W.2d 936 (Tex.Cr.App.1971), holding that "entry of an instrument used to effect the break-in is insufficient," are no longer controlling.

The judgment is affirmed.