OPINION
ELLIS, Justice.
Appellant, Edward Macias, appeals from a judgment of conviction for the felony offense of burglary of a building, enhanced by one prior felony conviction. The jury found appellant guilty and after finding the enhancement paragraph true assessed punishment at seven years confinement in the Texas Department of Corrections. Appellant raises three (3) grounds of error on appeal. We affirm.
In his first two grounds of error, the appellant attacks the sufficiency of the evidence to prove: (1) the appellant entered the building and (2) that the appellant intended to commit theft. In the third ground of error, the appellant alleges the trial court erred in admitting into evidence State’s exhibits 2-8 without first allowing Defense Counsel the opportunity to inspect them.
Triah Dang Bui, the owner of Dave’s Food Market located at 4401 Harrisburg, Houston, Texas, testified that on the evening of January 25th, 1985, he closed the store at 8:00 p.m. and turned on the burglar alarm which is operated by Crime Control Inc. At two o’clock in the morning of January 26th, 1985, Crime Control called Mr. Bui to inform him that the burglar alarm had been set off. Upon arriving at his store, Mr. Bui noticed that items in his store had been moved from their usual place. Mr. Bui testified that a portable radio had been moved and a hammer and a screwdriver had appeared. Mr. Bui found two holes in his two-story building. He testified that there was a hole in the roof and another one in the ceiling of the first floor, leading to the second floor. The evidence showed that both holes were large enough for a person to climb through. A hammer and a screwdriver were found on the roof next to the hole. Behind the store showcase on the first floor, Mr. Bui found two empty “Snoopy” watch boxes laying on the floor. Normally, the watches were displayed in the showcase.
Two Houston police officers, Wesley Lewis and Allan Bates, testified that they arrived at Dave’s Food Market in response to a call from the police dispatcher. The burglar alarm was still sounding when the officers arrived.
*486 After investigating the scene and conversing with an officer in a police helicopter, above the store, the officers were under the impression that no one was inside the store. As the officers were leaving the store’s parking lot, they noticed the appellant leap to the ground from the complainant’s building. The two policemen proceeded to chase the appellant and were successful in apprehending him. Upon apprehension, the appellant uttered the statement, “I give up.” When found, the appellant had two screwdrivers and two “Snoopy” watches in his pant pockets. Mr. Bui identified the “Snoopy” watches as the two that were stolen from his store. The appellant did not present any evidence at trial.
In his first two grounds of error, the appellant attacks the sufficiency of the evidence to prove: (1) that the appellant entered the building and (2) that the appellant intended to commit theft.
The standard for review in circumstantial evidence and direct evidence cases is the same — whether “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Carlen v. State, 654 S.W.2d 444, 449 (Tex.Crim.App.1983); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2789, 61 L.Ed.2d 560 (1974).
The trier of fact in this case must decide whether the facts as presented are sufficient to prove that the appellant entered Dave’s Food Market on the night in question with the intent to commit theft. The evidence shows that the appellant was seen jumping off the complainant’s building. At the time of his apprehension he was found to have two screwdrivers in his pocket. Also in his pockets were two “Snoopy” watches, identified by Mr. Bui as belonging to him. Two empty “Snoopy” watch boxes were found on the floor behind the showcase inside the store. Additionally, one hole was made on the roof and another hole was made on the ceiling of the first floor. A hammer and a flashlight were found on the roof next to the hole.
In a case similar to the instant case, Hayes v. State, 656 S.W.2d 926 (Tex.App.—Eastland 1983, no pet.), the defendant was seen jumping from the roof of a building. In Hayes, supra, the police officers also found a hole, one foot in width, on the roof together with a tire lug wrench next to the hole with tar on the lug section. In Hayes supra, the court found that the evidence was sufficient to sustain a conviction.
The jury, in the instant case, could have properly concluded from the evidence that the screwdrivers were used by the appellant in making the hole in the roof of the store. It can be concluded from the evidence that the screwdriver was used as a chisel by hitting it with a hammer to create the holes in the roof as well as the ceiling.
In the second ground of error appellant alleges that the evidence is insufficient to prove that the appellant intended to commit theft. In a prosecution for burglary, the intent to commit theft may be inferred from the circumstances. Simmons v. State, 590 S.W.2d 137 (Tex.Crim.App.1979). An entry made without consent in the nighttime is presumed to have been made with intent to commit theft. Moss v. State, 574 S.W.2d 542 (Tex.Crim.App.1978). The appellant’s entry into the building having been made in the nighttime without the consent of the owner is sufficient to show an intent to commit theft. Mauldin v. State, 628 S.W.2d 793 (Tex.Crim.App.1982).
The jury, in the instant case, found the circumstances overwhelmingly against the appellant. The combination of the appellant being seen jumping off the building, in the nighttime, carrying stolen property and burglary tools, satisfied the jury, and is sufficient to establish entry into the building with an intent to commit theft.
We find that the evidence presented in this case was sufficient to prove to a rational trier of fact beyond a reasonable doubt that the appellant entered the building with the intent to commit theft. Accordingly we overrule appellant’s first two grounds of error.
In ground of error three appellant alleges that the trial court erred by admitting *487 into evidence State’s exhibits 2-8 without first allowing Defense Counsel the opportunity to inspect these items. The items constituting State’s exhibits 2-8 consisted of: a metal part of screwdriver, a handle of screwdriver, a metal part of hammer, a flashlight, part of a screwdriver and two more screwdrivers. These items were found on the appellant’s person and on the roof of Mr. Bui’s building. The Texas Code of Criminal Procedure, article 39.14 states in part:
DISCOVERY
Upon motion of the defendant showing good cause therefor and upon notice to the other parties, the court in which an action is pending may order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. The order shall specify the time, place and manner of making the inspection and taking the copies and photographs of any of the aforementioned documents or tangible evidence.... Nothing in this Act shall authorize the removal of such evidence from the possession of the State, and any inspection shall be in the presence of a representative of the State, (emphasis added)
The appellant filed a motion for discovery and moved the court to order the district attorney to produce and permit inspection of certain designated items including:
11. All documents, papers, books, accounts, letters, objects and tangible things which are the property of the prosecutor as a result of the investigation which resulted in the instant indictment, and which are material evidence in this case as to the defendant’s guilt or innocence, or as to the punishment, if any.
On April 18th, 1985, the court conducted a hearing on appellant’s motion for discovery. The appellant and the State announced to the court that they had reached an agreement as to the production and inspection of the items in paragraph number 11 in appellant’s motion.
However, there is not a court order in the record as required by article 39.14 supra, specifying the time, place and manner of making the inspection and taking the copies and photographs of any of the aforementioned documents or tangible evidence.
The record reflects that there was an agreement between the State and the defense for discovery and inspection of items contained in paragraph number 11. This agreement has the same force or effect as an order by the court.
On April 24, 1985, the second day of the trial, appellant objected to the admission of the exhibits into evidence because the State violated the pre-trial discovery order. The State then offered to let appellant inspect the exhibits before their admission. The appellant claims he was harmed by the admission because he was not allowed an opportunity to inspect the items, which were material to his defense, before the trial and before they were introduced into evidence. We disagree.
The State must disclose all exculpatory evidence to the accused. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The trial court should allow discovery only if the evidence is “material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies.” Tex.Code Crim.Pro.Ann. art. 39.14 (Vernon 1979). Evidence willfully withheld from disclosure under a discovery order should be excluded from evidence. Bates v. State, *488 587 S.W.2d 121 (Tex.Crim.App.1979); Hollowell v. State, 571 S.W.2d 179 (Tex.Crim.App.1978). A prosecutor’s failure to comply with a discovery order, however, may constitute harmless error. Hollowell, supra; Neal v. State, 626 S.W.2d 879 (Tex.App.—San Antonio 1981, pet. ref’d). The standard to be applied in cases of suppression or nondisclosure of evidence by the State is whether the testimony may have had an effect on the outcome of the trial. Saunders v. State, 572 S.W.2d 944 (Tex.Crim.App.1978), citing Smith v. State, 516 S.W.2d 415 (Tex.Crim.App.1974); Crutcher v. State, 481 S.W.2d 113 (Tex.Crim.App.1972). Error is committed only if after a review of the whole record the undisclosed evidence creates a reasonable doubt that did not otherwise exist. Witchurch v. State, 650 S.W.2d 422 (Tex.Crim.App.1983). The elements which would establish a potential effect on the trial outcome are: (1) suppression of evidence after a request by the defense; (2) the evidence was favorable to the defense; (3) the evidence was material. Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); Ransonette v. State, 550 S.W.2d 36 (Tex.Crim.App.1976). We find that appellant did not establish that the violation of the trial court’s order effected the outcome of his trial. The evidence was not favorable or material to the defense.
Although we do not condone the State’s violation of the court’s pretrial discovery order, we find that no harm to appellant’s case has been demonstrated.
Prior to the introduction of State’s exhibits 2-8 officer Wesley Lewis testified without objection about the arrest of appellant after he was seen jumping off Mr. Bui’s building. Officer Lewis went on to testify, without objection, about the finding of the items, constituting State’s exhibit 2-8. These items were found on appellant’s person, and in and on the roof of Mr. Bui’s building.
We have reviewed the entire record and find that the introduction into evidence State’s exhibits 2-8 were not of such a nature that if they had been made available to appellant prior to trial, for inspection, they would have created a reasonable doubt that did not otherwise exist. Discovery and inspection of these exhibits, pri- or to trial, would not have effected appellant's defense or the outcome of the trial. We overrule appellant’s third ground of error.
Accordingly, the judgment of the trial court is affirmed.