Jimmie Lee HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–00674–CR.

Court of Appeals of Texas,
Dallas.

March 26, 1992.

Gary A. Udashen, Dallas, for appellant.

Suzanne Kirby Perkins, Dallas, for appellee.

Before STEWART, CHAPMAN and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

A jury found appellant, Jimmie Lee Harris, guilty of burglary and assessed his punishment, enhanced by two prior convictions, at thirty-five years' confinement. Harris contends that evidence is insufficient to sustain his conviction. We sustain his point of error. We reverse the trial court's judgment. We render a judgment of acquittal.

### STATEMENT OF FACTS

On August 7, 1990, Dallas police officers responded to a burglary call at Big Daddy's Supermarket in Dallas. In addition to the officers on the ground, a Dallas police helicopter responded to the call. Officer Ste-

ven Jones testified that he operated the spotlight on the helicopter. Jones stated that the first time he placed the light on the roof of the supermarket he did not see anyone. However, the second time he placed the spotlight, he saw two males attempting to jump from the rooftop. After the men jumped from the roof, they split up and ran in different directions. The officers in the helicopter followed one of the men. They directed the officers on the ground to that individual's location, where the officers arrested the man. After the arrest, the officers in the helicopter returned the spotlight to the roof to see if anyone else was hiding there.

Officers R.M. Catlin and Samuel Wayne Carr testified that the officers in the helicopter directed them to the back of the building where two males had just jumped off the roof. The officers in the helicopter directed the officers on the ground to where one of the men had run. Officer Catlin spotted appellant hiding in some bushes and arrested him. Officer Carr stated that he found $27.00 in coins in appellant's pockets. The store owner could not identify the coins as coming from the supermarket.

The store owner, Hailu Ejiegu, received a call from his security company around 3:00 a.m. reporting a break-in at his store. Ejiegu then drove to the store and began inspecting the premises. Ejiegu found that the doors were still locked and that no windows had been broken. Ejiegu noticed that the air-conditioning vent inside the store was open and that there was a hole in the ceiling. Ejiegu stated that several items had been taken, including cigarettes, Tampax, beer, a television, and "about twenty some dollars" in coins from his desk.

The State charged appellant with burglary of a building. The indictment alleged that on or about August 7, 1990, he "knowingly and intentionally entered a building not then and there open to the public, without the effective consent of HAILU

EJIEGU, the owner thereof, with the intent to commit theft." The jury charge tracked the language of the indictment. The charge contained no instructions on the law of parties under sections 7.01 and 7.02 of the Texas Penal Code. *See* TEX.PENAL CODE ANN. §§ 7.01, 7.02 (Vernon 1974).

## PRIMARY ACTOR

Appellant contends that there is insufficient evidence to sustain his conviction for burglary. He asserts that the jury charge only authorized a conviction as a primary actor for which there is insufficient evidence.

### Standard of Review

 We measure the sufficiency of the evidence gainst the jury charge. *Jones v. State*, 815 S.W.2d 667, 668 (Tex.Crim. App.1991). When determining whether the evidence is sufficient to support the conviction, we view the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Marroquin v. State*, 746 S.W.2d 747, 750 (Tex. Crim.App.1988). The standard is the same for both direct and circumstantial evidence cases. When reviewing the sufficiency of circumstantial evidence, the court considers whether the evidence supports a reasonable hypothesis other than the defendant's guilt.[1] *Belyeu v. State*, 791 S.W.2d 66, 68 (Tex.Crim.App.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 1337, 113 L.Ed.2d 269 (1991). However, where there is no reference to the law of parties in the charge, the evidence must exclude every reasonable hypothesis other than the guilt of the appellant by his own conduct. *Walker v. State*, 823 S.W.2d 247, 249 (Tex.Crim.App.1991); (not yet reported); *see Jones v. State*, 815 S.W.2d 667 (Tex.Crim.App.1991); *Garrett v. State*, 749 S.W.2d 784, 802–03 (Tex.Crim. App.1983) (op. on reh'g). The State is not required to prove to a moral certainty that

---

1. The Texas Court of Criminal Appeals recently held that the State no longer is required to exclude every reasonable hypothesis except that of the accused's guilt. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App.1991). We note, however, that *Geesa* has no applicability to this case as it effects only those cases tried after November 6, 1991. *Id.* at 165.

the circumstances presented actually exclude every hypothesis that another person may have committed the criminal act. *Brandley v. State*, 691 S.W.2d 699, 703 (Tex.Crim.App.1985). It must only exclude every reasonable hypothesis raised by the evidence that tends to exculpate the defendant. *Id.*

In *Walker v. State*, a case similar to the one at bar, the Court of Criminal Appeals addressed whether the evidence excluded every reasonable hypothesis that a defendant committed an act by his own conduct. *Walker*, at 249. In *Walker*, the police responded to a burglar alarm at a K–Mart store. There were no eyewitnesses, and the burglars fled before the police could arrive. The police found two sets of footprints coming from the store, which led them to four shotguns in a grassy area adjacent to the store. Two television sets were also recovered. One of the burglars apparently cut himself on glass from the gun case and bled considerably. Blood was found on the shotguns, on and near the glass case, and outside the store. No blood was found on the televisions. The facts, combined with the two sets of footprints, led police to believe that at least two people were involved. The appellant was arrested seven weeks later based on an anonymous tip. The appellant was indicted for the offense as a primary actor. The court's charge gave an abstract instruction on the law of parties without referring to the law of parties in the application paragraph. The court found that none of the evidence proved that Walker had actually entered the building himself, although it was possible that he did. *Walker*, at 248–49. The court stated that there were two reasonable possibilities under the evidence:

1. Walker entered the building and carried a television to the garden area.

2. Walker waited outside the building and carried a television handed him by another person who entered the building. *Walker*, at 249. Pursuant to the standard of review, the court stated that the evidence must exclude every reasonable hypothesis other than the guilt of appellant by his own conduct. *Walker*, at 249. The court held that the evidence did not exclude the reasonable hypothesis that appellant was guilty only as a party. *Id.* Therefore, the court held the evidence was insufficient to support the conviction under the charge given. *Id.*

■ The charge given in the instant case tracked the statute. The court did not instruct the jury on the law of parties, which provides that a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. *See* TEX.PENAL CODE ANN. §§ 7.01(a), 7.02 (Vernon 1974). Under the charge given, appellant is guilty only if he is found guilty by his own conduct. In accordance with the standard of review in circumstantial evidence cases, this Court must determine whether the evidence excludes every reasonable hypothesis other than appellant's guilt by his own conduct. As in *Walker*, there are at least two reasonable possibilities under the evidence in this case:

1. Appellant entered the building himself and removed the property.

2. Appellant waited on the roof of the building while the other person went into the building and removed the property.

The State argues that two cases address the issue presented and that *Walker* is not dispositive. *See Macias v. State*, 704 S.W.2d 484 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *Hayes v. State*, 656 S.W.2d 926 (Tex.App.—Eastland 1983, no pet.). We disagree.

In *Hayes*, the police discovered Hayes jumping from the roof of a burglarized supermarket shortly after the officers were dispatched to the scene and after they heard noises coming from the roof. *Hayes*, 656 S.W.2d at 927. After arresting Hayes, the officers found a hole in the roof of the building and a lug wrench with tar on it that was probably used to cause the hole. *Hayes*, 656 S.W.2d at 927. The court held that, although mere presence in the vicinity of a crime is not sufficient to sustain a conviction, there was more than mere presence in this case because Hayes was seen jumping from the roof of a building that obviously was being burglarized. *Hayes*, 656 S.W.2d at 927. Also, the court in *Hayes* went on to analyze whether or not

Hayes actually "entered" the store. Citing section 30.02(b) of the Texas Penal Code, the court held that the jury could have properly concluded from the evidence that the lug wrench found was used by and "connected with the body" of Hayes in making the hole in the roof of the store. *Hayes*, 656 S.W.2d at 927.

Even though the fact situation in *Hayes* is similar to the one in the case at bar, this case is distinguishable. For instance, in the case at bar, two individuals were seen jumping off the roof of a supermarket. In *Hayes*, Hayes was the only person seen jumping from the roof. The only reasonable possibility supported by the evidence was that Hayes was guilty of burglary as the primary actor.

In *Macias*, the owner of a food store received a call that his store had been burglarized. *Macias*, 704 S.W.2d at 485. When the owner arrived, he discovered that items in the store had been moved from their usual place, that there was a hole in the ceiling and the roof, and that a screwdriver and hammer were lying on the roof next to the hole. *Macias*, 704 S.W.2d at 485. Two police officers were dispatched to the scene. *Macias*, 704 S.W.2d at 485. After they investigated the scene and talked with an officer in a police helicopter, the officers determined that there was no one inside the store. *Macias*, 704 S.W.2d at 486. As the officers were leaving, they noticed Macias jump to the ground from the roof of the building. *Macias*, 704 S.W.2d at 486. The police officers then arrested Macias. The police found that Macias had two screwdrivers and two watches in his pockets. The owner of the store identified the watches as two that were stolen from his store.

Although the facts in *Macias* are also similar to this case, that case is not dispositive. The police found Macias with screwdrivers that were similar, if not identical, to the one found next to the hole in the roof. In addition, Macias had two watches in his pocket that were identified by the owner of the store as merchandise taken from the store. In this case, the police no merchandise identified as being taken from the store on the appellant. Also, Macias was the only person seen jumping from the store roof. Thus, the only reasonable possibility supported by the evidence was that Macias was guilty of burglary as the primary actor.

Here, the State's evidence shows that there was a burglary at Big Daddy's Supermarket. The officer in the helicopter did not see anybody the first time he shined the spotlight on the roof of the market. The second time he shined the spotlight on the roof he saw two men jumping from the roof. After one of the men was apprehended, the officer in the helicopter returned the spotlight to the roof to see if anyone else was hiding there. There is no evidence that appellant personally entered the building or that he could not have been hiding on the roof the first time the officer shined the light on the roof. The evidence shows that one or more persons could have entered the building. Thus, there are at least two reasonable hypotheses presented by these facts: (1) Appellant entered the building or (2) he waited on the roof. The evidence presented by the State in this case does not exclude every reasonable hypothesis other than the guilt of appellant by his own conduct. The evidence is insufficient to convict appellant as a primary actor.

We sustain appellant's point of error. We reverse the trial court's judgment. We render a judgment of acquittal.